## Ervin *v.* Evans.

[No. 3,041.    Filed March 15, 1900.]

MASTER AND SERVANT.—*Personal Injuries.—Complaint.—Contract of Employment.—Negligence.*—A complaint for damages for personal injuries alleging that plaintiff was employed in defendant's planing-mill to operate the machinery, and to work upon the articles therein manufactured, and while so employed was ordered by defendant to remove a shaft and adjust the pulleys thereon, which was out of the line of his employment and more hazardous than the work he was engaged to perform, and, in performing said hazardous work, was injured without his fault or negligence, states a cause of action.  *pp. 336-337.*

SAME.—*Personal Injuries.—Contract of Employment.*—In an action for damages for personal injuries sustained by plaintiff while engaged in work at the command of defendant, without the line of his employment, answers to interrogatories that he was employed to operate machinery in defendant's mill and adjust and keep in order the machines used by him, and that he was injured while repairing and adjusting such machinery, show that he was injured while in the line of duty, and are in irreconcilable conflict with a general verdict for plaintiff.  *pp. 337-341.*

SAME.—*Personal Injuries.—Negligence.*—Plaintiff cannot recover for personal injuries received while in the employment of defendant on the theory that the work was without the line of his employment, where the special findings of fact show that he was in a position to know of the dangers, if any, incident to the work he was performing, that the injury was purely accidental, and was not caused by any acts of negligence on the part of defendant, and that plaintiff could have performed the work without injury to himself if he had used care.  *pp. 340, 341.*

From the Johnson Circuit Court.    *Reversed.*

*G. M. Overstreet, J. B. Oliver, W. H. H. Miller, J. B. Elam* and *J. W. Fesler,* for appellant.

*R. M. Miller, H. C. Barnett* and *F. R. Owens,* for appellee.

HENLEY, J.—Action by appellee against appellant to recover damages for an injury received by appellee while in appellant's employ. The complaint is in one paragraph. The facts stated therein upon which appellee relies, are, in substance, as follows: Appellant was the owner and engaged in the operation of a planing-mill; appellee was employed in said mill to operate the machinery therein, and to work upon the articles therein manufactured, and for no other purpose. That on the 17th day of September, 1897, a certain part of the machinery in said mill, being an iron shaft thirty-two inches long, and upon which three iron wheels or pulleys carrying rubber belts were fixed, which shaft was held in hangers pendant from the ceiling of the room, became so out of level that it would not properly do the work for which it was intended, and it became necessary, for the proper operation of the machinery, that the said iron shaft and pulleys attached thereto should be taken from the hangers, and one of said wheels or pulleys be removed, and the remaining two pulleys adjusted, and placed farther apart, and the shaft replaced in the hangers at a height of about eight feet from the floor of the room in which the same was located; that by reason of the weight of said shaft and pulleys, which weight appellee alleges was about 150 pounds, and by reason of the overhead position of said shaft, it was liable to fall and injure the person so attempting to adjust the pulleys and replace the said shaft in the hangers, unless aided by an assistant, all of which appellant well knew at said time. That upon the 17th day of September, 1897, appellant ordered and directed appellee to tear down said shaft and pulleys, and remove one of said pulleys, and adjust the two remaining pulleys, and replace said shaft upon the hangers; that appellee thereupon requested appellant to furnish some one to assist in doing said work, but appellant failed and refused to furnish an assistant, but directed and commanded appellee to do said work without any assistance; that appellee, believing, and

Ervin *v.* Evans.

having good right to believe, that he could do said work without injury to himself, entered upon the doing of said work alone, and removed the shaft from the hangers, and removed one pulley from the shaft, and separated the two remaining pulleys on said shaft, and, while attempting to replace said shaft in the hangers, the said shaft became unmanageable, and fell, and injured appellee's hand, without any fault or negligence upon his part. It is further alleged that the work in which appellee was engaged at the time he was so injured was entirely different from, and not a part of, the work which he was at the time employed to do; that said work was more dangerous and hazardous than the work which appellant had engaged appellee to do; that appellee attempted to do said work because he was ordered by appellant to do it; and that in doing said work appellee used care, and that said injury was occasioned without any fault or negligence upon appellee's part. Appellant's demurrer to the complaint was overruled, and this ruling of the lower court is assigned as error here.

The theory of appellee's complaint is that the injury was the result of appellant's negligence in ordering appellee to do work out of the line of, and away from the place of, the work he was hired to perform. Under the decisions of this and the Supreme Court, the complaint states a cause of action. *Clark County, etc., Co.* v. *Wright*, 16 Ind. App. 630; *Stuart* v. *New Albany Mfg. Co.*, 15 Ind. App. 184; *Brazil Block Coal Co.* v. *Hoodlet*, 129 Ind. 327; *Louisville, etc., R. Co.* v. *Hanning*, 131 Ind. 528; *Cincinnati, etc., R. Co.* v. *Madden*, 134 Ind. 462; *Lynch* v. *Chicago, etc., R. Co.*, 8 Ind. App. 516; *Evansville, etc., R. Co.* v. *Holcomb*, 9 Ind. App. 198; *Kentucky, etc., Co.* v. *Eastman*, 7 Ind. App. 514; *Pittsburgh, etc., R. Co.* v. *Woodward*, 9 Ind. App. 169. The complaint was insufficient upon any other theory.

The jury returned a general verdict in appellee's favor,

and with it answers to interrogatories. Appellant moved
for judgment upon the special findings of fact; the court
overruled the motion, and rendered judgment in favor of
appellee. Appellant excepted to the ruling of the lower
court upon his motion for judgment, and assigns said ruling
as error in this court. By the answers to the interroga-
tories, the jury found that appellee was, at the time of the
accident, thirty-three years old; that he was in the employ
of defendant, and had been so employed since the spring of
1896; that he was a carpenter by trade, and had followed
his trade for eight or nine years, and in connection with
such trade he had worked in a planing-mill and operated
machinery before his employment by appellant; that he
was employed to operate machinery in appellant's mill with-
out any understanding or agreement as to what machine he
was to operate or use; that during said employment he oper-
ated different machines, amongst which was a cut-off saw,
which revolved at a high rate of speed, and the use and oper-
ation of which was dangerous; that it was a part of his duty
when operating said cut-off saw, and as a machine hand in
said mill, to adjust and keep in order the machines used by
him; that he was familiar with such machinery, and from
time to time made the necessary adjustments in said ma-
chines. On the day of the accident, it became necessary to
remove a certain shaft, upon which were pulleys with belts
attached, from a position about eight feet above the floor of
the mill, and change the position of the pulleys on the shaft,
and replace the same upon the hangers. Appellee knew what
was necessary to be done in order to accomplish the change;
he knew the weight of the material which he would neces-
sarily be compelled to handle in doing the work; he pro-
ceeded to remove the shaft, with the three pulleys and belts
upon it, from the hangers, and took one pulley from the
shaft, and was in the act of replacing the shaft in its place in
the hangers, with but two pulleys and belts attached, when
the accident happened. In taking said shaft and pulleys from

the hangers, appellee had an opportunity to determine their weight, and whether or not he could handle them, and he believed that he could safely replace the shaft, with the two pulleys attached without injury to himself, by the exercise of reasonable care. That in attempting to replace the shaft in the hangers, appellee lost control of it, and one of the pulleys slipped on the shaft, and caught and crushed his fingers against the other pulley. Appellee did not know how he happened to lose control of the shaft, nor how the accident occurred, nor in what manner he received the injury. A few minutes before the accident occurred, appellee explained to appellant what was necessary to be done in adjusting the pulleys and shaft, and told appellant that he ought to have a man to assist him at the work, and appellant said: "I have no one here now to help you and you had better go ahead and do it the best you can." That appellee was well acquainted with the situation and the danger involved in doing the work, as was appellant, and was equally as well informed as appellant as to what was necessary to be done or avoided in order to escape injury in doing the work mentioned. That the injury received was purely accidental. That in order to avoid injury in doing said work, it was only necessary that appellee have in mind the fact that the load would fall if not supported, and give reasonable attention to his work. That the work done required mechanical skill in a "small degree," but said work was not attended with any danger except that the shaft might fall, if not supported, while being put in place. The shaft and two pulleys weighed 100 to 130 pounds, and was lighter than it was when appellee took it down from the hangers, a few minutes before the accident. That the handling of the shaft, with the pulleys and belts attached, as appellee was doing at the time of the accident, was not beyond appellee's strength, if he had exercised reasonable care in exerting his strength, so as to see that the load was properly supported. Appellee knew his own strength, and was in a posi-

tion to judge of whether he could replace the shaft in the position from which he had a few minutes before taken it. That there is no evidence to prove that appellant knew of any risk or of any means of avoiding danger that was not equally well known to appellee. That the accident would not have happened had appellant furnished a man to assist appellee in doing said work.

By the general verdict, all the material allegations of appellee's complaint were determined in his favor, and the general verdict must stand, unless the findings of fact are in irreconcilable conflict therewith. It is only necessary for the overthrow of the general verdict that the special findings be in irreconcilable conflict with any one of the propositions necessary for the support of the general verdict. In every case, in order to maintain a verdict and judgment in favor of the plaintiff, he must establish every fact material to his cause of action. If the jury, by their answers to interrogatories, clearly find that any material fact has not been established, the verdict and judgment will be of no effect. Counsel for appellee in their brief say: "We only care to emphasize the fact that the complaint declares on an injury occasioned the appellee while engaged in a work, at the command of his master, without the line of his employment." As has been said in the first part of this opinion, the theory of the complaint, as stated by appellee's counsel, is correct. Such being the theory of the complaint, it became necessary that appellee establish the fact that when the injury was received, he, by the master's order, was not working within the line of his employment. This the general verdict necessarily establishes. On the contrary, the special findings of fact show that appellee was injured while engaged in doing the work his employment contemplated, and which he himself understood to be within the line of his employment. This finding is in irreconcilable conflict with the general verdict. In this case, the facts established by the answers to interrogatories returned with

the general verdict are very full, and show conclusively that appellee was in the best possible position to know of the dangers, if any, incident to the work he was performing; that the injury was purely accidental; that it was not caused by any act of negligence upon the part of appellant; that appellee could have done the work without injury to himself if he had used care. So that the facts found, viewed from any standpoint clearly release appellant from any liability.

The judgment is reversed, with instructions to the lower court to sustain appellant's motion for judgment upon the answers to interrogatories.