THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY v. GRIFFIN.

[No. 3,121.    Filed Nov. 1, 1900.    Rehearing denied March 12, 1901.]

NEGLIGENCE.— *Railroads.— Injury at Crossing.— Complaint.— Contributory Negligence.*—Although an averment in a complaint in an action for injury to plaintiff and his team at a railway crossing as to freedom from fault applied only to the striking of the team, the complaint is sufficient on the general averment that the injury complained of was received without the fault or negligence of plaintiff, where it does not appear from the facts pleaded that, notwithstanding such general averment, plaintiff's negligence contributed to his injury.  *pp. 369, 370.*

RAILROADS.—*Injury at Crossing.—Verdict.—Answers to Interrogatories.*—A judgment for plaintiff in an action for injuries received at a railroad crossing will be reversed on appeal where the answers to interrogatories show that plaintiff might have heard the approaching train and avoided the injury if he had stopped and listened attentively.  *pp 371-373.*

From the Montgomery Circuit Court.    *Reversed.*

*J. T. Dye, P. S. Kennedy, S. C. Kennedy* and *C. M. McCabe,* for appellant.

*A. T. Livengood, V. E. Livengood, M. E. Clodfelter, H. N. Fine* and *C. W. Dice,* for appellee.

HENLEY, J.—This was an action commenced by appellee to recover damages on account of a personal injury alleged to have been caused by the negligence of appellant at a point where appellant's railroad crosses a highway. Appellant's demurrer to the complaint was overruled, and the cause went to trial before a jury upon the issues made by the complaint and general denial. The trial resulted in a verdict in favor of appellee. With the general verdict the jury returned answers to interrogatories.

Appellant has assigned as error (1) error in overruling the demurrer to the complaint; (2) error in overruling appellant's motion for judgment in its favor on the facts found by the answers to the interrogatories returned with the general verdict; (3) error in sustaining appellee's motion for judgment upon the general verdict; (4) error in overruling appellant's motion for a new trial.

Under the first assignment of error, appellant contends that the complaint does not sufficiently allege the freedom of appellee from contributory negligence. We copy from the complaint the following: "And as plaintiff reached said crossing on the morning of said day the defendant's servants caused one of its locomotives drawing a train of passenger cars to approach said crossing from the west and pass over the track of said railroad at the rate of at least fifty miles an hour, and negligently and carelessly omitted, while approaching said crossing, to give any signal, by bell or whistle, or otherwise, by reason of which negligence, and without any fault or negligence on plaintiff's part, the locomotive struck said team of horses on said highway then crossing said track, and also struck and threw plaintiff with great violence a distance of more than seventy feet to the

ground, seriously and permanently injuring him in this",
etc.

It is admitted that the averment of freedom from fault
is sufficient as directed to the striking by appellant of the
team driven by appellee, but it is insisted that said aver-
ment cannot be carried forward and made to apply to the
striking and injury of appellee. In support of their propo-
sition, counsel for appellant cite the case of *Lake Erie, etc.,
R. Co.* v. *Hancock,* 15 Ind. App. 104, where the court said:
"The allegation concerning her freedom from fault is that
by reason of the defendant's negligence, 'and without any
fault or negligence on the part of the plaintiff, the said
locomotive came in close proximity to said horse and plain-
tiff while then and there attempting to cross said railroad at
said point, and frightened said horse, and caused him to
turn around and upset or turn said buggy over and throw
plaintiff with great force and violence to the ground, frac-
turing her skull,' and otherwise injuring her. This is an
allegation that the plaintiff was free from fault in respect
of the coming of the locomotive in close proximity to the
horse and to plaintiff, but not that she was free from fault
in receiving the injury."

The case quoted from would be controlling if it was not
for the fact that the complaint under consideration contains
the general averment that the injury complained of was re-
ceived without the fault or negligence of appellee, and this
averment is made to apply to all the negligent acts charged
to appellant, and the facts pleaded do not make it appear,
notwithstanding such general averment, that appellee's neg-
ligence contributed to his injury. *Chicago, etc., R. Co.* v.
*Smith,* 6 Ind. App. 262; *Toledo, etc., R. Co.* v. *Brannagan,*
75 Ind. 490; *Chicago, etc., R. Co.* v. *Barnes,* 2 Ind. App.
213; *Ohio, etc., R. Co.* v. *Walker,* 113 Ind. 196, 3 Am. St.
638. There was no error in overruling the demurrer to the
complaint.

We will now consider the question arising under the

Cleveland, etc., R. Co. v. Griffin.

second and third specifications of the assignment of errors. Is there a material fact found by the answers to the interrogatories returned with the general verdict which bars appellee's right to a judgment? The facts so found show that the crossing was a dangerous one; that the highway crosses the track at an acute angle; that approaching the track, as appellee did, the approaching train which struck him would be almost at his back. The approach to the crossing on the highway was up grade; there was timber, shrubs, and a growth of weeds which partially obscured appellee's view in the direction of the approaching train; it was a warm, bright, clear, morning; the train was running at its usual rate of speed; appellee was possessed of good hearing and eyesight; the engineer gave four blasts of the whistle when approaching the crossing, two long and two short blasts; that the whistle ceased to sound at a point from 123 to 150 rods from the crossing.

Amongst the questions and answers returned by the jury were the following: "Q. If the plaintiff had diligently and continuously used his senses of sight and hearing from a point 500 feet from the crossing where the accident occurred until the crossing was reached by him, could the accident have been prevented? A. He might have prevented it. Q. Could not said whistle have been heard at the time by a person of good hearing traveling along the highway within 100 yards west of Thompson's crossing, if he had stopped and attentively listened therefor? A. Yes. Could not said whistle have been heard at the time by the plaintiff at the point in the highway where he was, if he had stopped, put his ears out of the buggy in the direction of the train, and attentively listened therefor? A. Yes."

If the special finding contradicts material facts necessarily found by the general verdict, the general verdict can not stand, and the contradiction of any one material fact is as fatal to the general verdict as if the special finding refuted every averment necessary to the cause of action. *Erwin* v. *Evans,* 24 Ind. App. 335.

Upon the other hand, the special findings will not be aided by presumption or inference, and it is only where some fact, material to the issue, is clearly established by the answers to the interrogatories, and the fact so established is in conflict with the general verdict, that the general verdict fails. *Erwin* v. *Evans, supra; Louisville, etc., R. Co.* v. *Creek,* 130 Ind. 139, 14 L. R. A. 733; *Lake Erie, etc., R. Co.* v. *McHenry,* 10 Ind. App. 525.

It is the law in this State, established by repeated affirmations in both courts of appeal, that if a person is injured in passing over a railroad track at a highway crossing by a collision with a train, the fault is *prima facie* his own; and that before attempting to cross, the duty devolves upon the traveler attentively to look and listen for approaching trains.

The law presumes, in case of injury of a traveler at a crossing, that if by looking he could have seen, or by attentively listening he could have heard the approaching train in time to escape, either that he did not look and listen, or that he did not heed what he saw or heard; that he saw what he could have seen had he looked, and heard what he could have heard if he had listened. *Pittsburgh, etc., R. Co.* v. *Fraze,* 150 Ind. 576, 65 Am. St. 377; *Cincinnati, etc., R. Co.* v. *Butler,* 103 Ind. 31; *Cones* v. *Cincinnati, etc., R. Co.,* 114 Ind. 328; *Hathaway* v. *Toledo, etc., R. Co.,* 46 Ind. 25; *Aurelius* v. *Lake Erie, etc., R. Co.,* 19 Ind. App. 584; *Lake Erie, etc., R. Co.* v. *Slick,* 143 Ind. 449; *Cincinnati, etc., R. Co.* v. *Duncan,* 143 Ind. 524; *Smith* v. *Wabash R. Co.,* 141 Ind. 92; *Mann* v. *Belt, R., etc., Co.,* 128 Ind. 138; *Towers* v. *Lake Erie, etc., R. Co.,* 18 Ind. App. 684.

In this case it is clear from the findings that appellee could have avoided the injury by the exercise of that degree of care which the law says under such circumstances he must exercise. The jury by their answers to the interrogatories make it plain that appellee could have heard the train approaching in time to have avoided the injury, if he had listened attentively. The dangerous character of a crossing

puts upon the traveler the duty of exercising the care commensurate with the known danger.    In the late case of *Oleson* v. *Lake Shore, etc., R. Co.,* 143 Ind. 405, 32 L. R. A. 149, the Supreme Court, by Monks, J., say: "The question of care at railway crossings as affecting the traveler is no longer, as a rule, a question for the jury.    The *quantum* of care is exactly prescribed as a matter of law.    In attempting to cross, the traveler must listen for signals, notice signs put up as warnings and listen for approaching trains. In proportion as the danger increases must the vigilance of the person attempting to cross increase.    He is rigidly required to do all that care and prudence would suggest to avoid injury.    And when from physical infirmities, darkness, snow, fog, smoke, steam, the inclemency of the weather, noise of any kind, buildings or other obstructions and hindrances, it is more difficult to see or hear, greater precautions must be taken to avoid injury than would otherwise be necessary; and under such circumstances there can be no excuse for a failure to use such reasonable precautions as would probably have prevented injury. . If the traveler by looking could have seen an approaching train, or by listening could have heard it in time to have avoided injury, it will be presumed if he is injured by collision that he did not look and listen, or if he did look and listen he did not heed what he saw or heard.    Such conduct is negligence *per se."*

The fact being clearly established by the answers to the interrogatories, that appellee might have avoided the injury by observing such care as the law casts upon him, it necessarily follows that his cause of action against appellant has failed.

Appellant's motion for judgment upon the facts found by the interrogatories returned by the jury ought to have been sustained.    The judgment is reversed, with instructions to the lower court to sustain appellant's motion for judgment upon the facts found by the interrogatories and answers, and to render judgment accordingly.