## FOSTER, BY NEXT FRIEND, *v.* BEMIS INDIANAPOLIS BAG COMPANY.

[No. 20,349.   Filed October 12, 1904.]

MASTER AND SERVANT. — *Apparent Dangers.* — *Unguarded Machinery.* — Where in an action by a servant against a master for personal injuries, the answers to the interrogatories show that a printing press, upon which the servant was injured, was very simple and safe; that the work was easy, the small hazard being plainly apparent and avoidable by ordinary care; that the servant was nineteen years old, intelligent and experienced; that the press was so simple that the servant needed no instruction thereon; that the danger of being hurt in the manner shown was so slight that it could not be anticipated, and that the construction of the press was such that a guard was neither necessary nor suitable, the master is entitled to judgment notwithstanding the general verdict.

From Superior Court of Marion County (63,073); *Vinson Carter,* Judge.

Action by Maggie M. Foster, by her next friend, against the Bemis Indianapolis Bag Company for damages for personal injuries. From a judgment for defendant on a motion for judgment *non obstante veredicto,* the plaintiff appeals. Transferred from Appellate Court under §1337u Burns 1901. *Affirmed.*

*G. A. Rose* and *H. N. Spaan,* for appellant.

*W. H. H. Miller, J. B. Elam, J. W. Fesler* and *S. D. Miller,* for appellee.

DOWLING, J.—The appellant, who was the plaintiff below, brought this action against the Bemis Indianapolis Bag Company to recover damages for an injury to one of her hands, alleged to have been occasioned by the negligence of the appellee. The complaint was in three paragraphs. The answer was a general denial. The cause was tried by a jury, who brought in a general verdict for the appellant, assessing her damages at $3,500. Answers to questions of fact submitted to them were returned by the jury with their verdict. Upon the motion of the defendant below, judgment was rendered in its favor upon the answers of the jury to the particular questions of fact. This ruling is assigned for error.

The first paragraph of the complaint stated that the appellee was engaged in the business of manufacturing bags from cloth and paper, and printing advertising matter thereon; that this work was performed by means of a machine propelled by electricity, consisting of three large iron cylinders revolving in an iron frame; that these cylinders revolved upon each other, were not guarded, and were very dangerous to persons working at the machine; that on October 17, 1901, appellant was in the employ of the appellee, feeding cloth through the cylinders; that she was nineteen years old, wholly inexperienced in the use of machinery, and without knowledge of the said press, and of the hazardous character of the work she was directed to do; that the appellee, with knowledge of her youth, inexperience, and ignorance, negligently failed to instruct her concerning the dangers of said employment, and how to avoid them; that while at work upon the said press, on October 17, 1901, appellant's hand was caught and drawn in between the cylinders, and was crushed, mangled, and torn off, to her damage, etc. The second paragraph contains similar allegations, with the further averments that the

appellant was ordered by the foreman of the appellee, under whose direction she was working, to "feed" the cloth between the cylinders without removing the ravelings on its edges; that she knew nothing of the danger attending this manner of doing the work; that the foreman had such knowledge, but neglected to instruct the appellant in regard to the same. The third paragraph, among other things, charged that the appellee negligently failed to guard the revolving cylinders in any manner, although required to do so by the statute in such cases provided.

The answers of the jury to the interrogatories established the following facts: The appellant was nineteen years old, and for four months immediately preceding October 17, 1901, she had been employed by the appellee at its factory. Her work consisted in "feeding" small pieces of bleached cotton cloth, fifteen and one-half inches wide by eighteen inches long, to a press moved by electricity, which printed advertising matter on the slips. She was of average size, and in full possession of her faculties of sight and touch. She possessed such prudence, judgment, and skill as are usually found in inexperienced persons of her age. The press at which she worked consisted, substantially, of an iron frame, three cylinders, a table, an iron guard bar two and one-half inches above the feeding table and seven inches from the cylinders, and a pair of grippers situated and working between the cylinders and the guard bar. The cylinders revolved at the rate of twenty-one revolutions per minute. Two vertical, adjustable strips of iron, fifteen and one-half inches distant from each other, standing on the feed table and supported at the top of the guard bar, served to guide the pieces of cloth when they were placed under the guard bar in a position to be carried forward to the cylinders. As the cloth passed under the guard bar, it was caught by the grippers and drawn by them to the cylinders. This guard bar stood

immediately in front of the cylinders and about seven inches from their point of contact with each other. When working at the machine the appellant stood at the side of the feeding table with her left side toward the press. In feeding the machine she placed her hand upon the piece of cloth to be pushed toward the grippers, with her little finger next the press, and pushed her hand sidewise, moving the piece of cloth under it until the cloth was caught by the grippers. The strips of cloth to be printed stood in small piles upon the table. On the day she was injured, the appellant had run through the press about eight thousand pieces of cloth such as the one she was feeding when the accident happened, and during the two or three days preceding the accident she had fed thousands of similar pieces to the press; all such pieces being put through in the same way, and by the same motion of her hand. While engaged in feeding the press in the manner described, appellant's left hand was caught by a considerable bunch of ravelings on the piece of cloth she was passing to the press, and was drawn between the cylinders. She saw the ravelings on the cloth and knew their quantity, strength, and position; but, anticipating no trouble from them, she placed her hand on them. No one knew that the ravelings were on the piece of cloth until the appellant herself discovered them when she slipped off the piece of cloth next above them. No one had reason to anticipate that any piece of cloth would wrap around appellant's hand, or attach itself in such way as to pull her hand into the press. The injury was due to a pure accident, and could not have been avoided by appellant by the exercise of reasonable attention to the movements of her hands, and her work. She was as competent as anyone else to judge of the danger of placing her hand upon such ravelings. The appellant had been directed by the appellee not to stop the machine for the purpose of taking ravelings off the pieces of cloth, but to feed the cloth through the press with the ravelings

on.  Ravelings wrinkled and crimped the cloth, and required the appellant to place her hands nearer to the revolving cylinders to feed the cloth through straight.  It was more dangerous to feed the cloth to the press with the ravelings on than to stop the machine and strip the ravelings off, and this had previously been the habit of the appellant.  She had no knowledge of the dangers of feeding the cloth to the press with the ravelings on, and no one had instructed her concerning them.  At the time of the accident the attention of the appellant was necessarily fixed upon her work, and not upon the danger attending it, but she was using due care in its performance.

Is the special finding of facts inconsistent with the general verdict?  It was alleged in the first paragraph of the complaint that the printing press, by which the appellant was injured, was a complicated and dangerous piece of machinery; that the work was very hazardous; that the appellant was young and inexperienced; that the appellee, with knowledge of these facts, neglected to instruct the appellant in regard to the dangers incident to her work, and how to avoid them.

The second paragraph was similar to the first in its general averments, but contained the further statement that the appellant was directed by the foreman of the appellee to run the pieces of cloth through the press without removing the ravelings from them; that this process increased the danger of accident as the appellee knew, but appellant did not; and that the appellee neglected to inform her of the additional hazard, and to instruct her how to avoid it.

The third paragraph was like the first in most respects, but charged that the appellee, in violation of the statute, negligently failed and refused to guard the cylinders in any manner, so as to prevent the hands of the person operating the press from being drawn between them.

The legal effect of the general verdict was that all the material averments of the complaint were proved, and

that the appellee was guilty of actionable negligence, or the omission of a duty imposed by statute, and that this negligence or omission was the proximate cause of the injury to the appellant. *Pennsylvania Co.* v. *Meyers* (1894), 136 Ind. 242, 267.

Laying aside all contradictory, ambiguous, and indefinite answers to the interrogatories submitted to the jury, the following facts were fully and positively established by those answers: (1) The printing press, by which the appellant was injured, was not a complicated and dangerous piece of machinery, but, on the contrary, was extremely simple and safe. (2) The work at the press was very light, easily performed, and in no proper sense dangerous; the slight hazard attending it being obvious, fully appreciated by the appellant, and easily avoided by the exercise of ordinary care. (3) The appellant was nineteen years old, was capable by reason of her age and intelligence to do the work at the press with safety, had been employed at the factory four months, and had such experience as enabled her to operate the press without risk of injury. *Wabash Paper Co.* v. *Webb* (1896), 146 Ind. 303; *Romona Oolitic Stone Co.* v. *Tate* (1895), 12 Ind. App. 57. (4) The construction of the press was so simple and the character of the work so plain that the appellant, with the intelligence she possessed and the experience she had acquired, needed no instruction to qualify her to avoid the possible dangers attending the work. *Phillips* v. *Michaels* (1895), 11 Ind. App. 672. (5) The danger likely to arise from the presence of ravelings on the cloth was so slight, and the probability of its occurrence so remote, that it could not be anticipated. *Standard Oil Co.* v. *Helmick* (1897), 148 Ind. 457, 466. (6) The construction and manner of using the press were such that no guard was necessary nor suitable, except the guard bar which stood in front of the cylinders, seven inches distant from them, and two and one-half inches above the face of the table.

The sole grounds of appellant's action were the alleged negligence of the appellee, and its failure to perform a statutory duty, resulting in injury to the appellant. Indulging every possible presumption in favor of the correctness of the general verdict, we are, nevertheless, compelled to say that the facts found were inconsistent with that verdict, and entirely destructive of it. The accident was serious and deplorable, yet in the light of the special findings we must hold that it was not attributable to any act or omission of the appellee or its agents. *Morford* v. *Chicago, etc., R. Co.* (1902), 158 Ind. 494; *McCoy* v. *Kokomo R., etc., Co.* (1902), 158 Ind. 662; §556 Burns 1901; *Snyder* v. *Robinson* (1871), 35 Ind. 311, 9 Am. Rep. 738; *Korrady* v. *Lake Shore, etc., R. Co.* (1892), 131, Ind. 261; *Pennsylvania Co.* v. *Meyers, supra; Diamond Plate Glass Co.* v. *DeHority* (1896), 143 Ind. 381; *Nebeker* v. *Cutsinger* (1874), 48 Ind. 436.

The court did not err in sustaining the motion of appellee for judgment on the answers to the interrogatories.

Judgment affirmed.