## VIGO COOPERAGE COMPANY v. KENNEDY, BY NEXT FRIEND.

[No. 6,201. Filed October 28, 1908.]

1. TRIAL.—*Verdict.*—*Interrogatories.*—*Conflict.*—Answers to interrogatories to the jury control the general verdict only where they are irreconcilable with such verdict upon any supposable evidence within the issues. p. 439.

2.  MASTER AND SERVANT.—*Factory Act.—Planers.—Guards.*—A factory owner is not required to place a screen over the air opening to a dust pipe under a stave planer to prevent an operator thereof from thrusting his hand therein, when trying to prevent the choking of the dust pipe. p. 439.

3.  SAME.—*Factory Act.—Guarding Machinery.*—The guarding of a machine so that servants in the usual course of their labor are not liable to injury therefrom, precludes a charge of negligence as against the owner of the factory. p. 440.

4.  TRIAL. —*Negligence.—Allegations.—Evidence.—Variance.*—Proof that a boy was injured by reason of defective machinery does not sustain a complaint alleging injuries because of a want of sufficient guards to such machinery. p. 440.

5.  ˙MASTER AND SERVANT.—*Factory Act.—Guarding Machinery.— Emergency.*—The fact that a dust pipe under a planer became choked, and which endangered neither property nor persons, is· not such an emergency as justified an employe in placing his hand therein, when he knew, or should have known, that his hand would be caught in the knives contained therein. p. 440.

6.  PLEADING.—*Complaint.—"Duty" of Master.—Conclusions.*—An allegation in a complaint that it was the plaintiff's "duty to perform such work as might be required of him," is a conclusion and must be wholly disregarded for any purpose. p. 441.

7.  MASTER AND SERVANT.—*Scope of Employment.—Injuries Outside Thereof.*—Ordinarily a servant cannot recover for injuries received while working outside of the scope of his employment. p. 441.

8.  SAME. — *Inexperience. — Warning. — Dangerous Machinery.* —A master is not required to inform a servant, fifteen years old, of the danger of putting his hand into a dust pipe containing rapidly revolving knives, where his ordinary duties did not require him to do anything with reference to such pipe. p. 441.

9.  SAME.—*Warning.—Open and Apparent Dangers.*—It is not necessary for the master to warn servants against open and apparent dangers. p. 442.

10. SAME.—*Defective Machinery.*—Where a servant receives injuries by reason of defective machinery, or by reason of the master's failure to provide a proper exhaust pipe, as required by statute (§8029 Burns 1908, Acts 1899, p. 231, §9), a right of action arises in his favor. p. 443.

11. APPEAL.—*Reversal.—When New Trial Ordered.*—Where the facts shown in a case do not entitle plaintiff to any relief upon the theory of his complaint, but do show a right of action upon another theory, the court will order a new trial. p. 443.

From Vermillion Circuit Court; *Gould G. Rheuby,* Judge.

Action by Joseph Kennedy, by his next friend, Michael Kennedy, against the Vigo Cooperage Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Elmer E. Stevenson, Conley & Conley, A. J. Kelly* and *Bays & Bays,* for appellant.

*B. S. Aikman, P. M. Foley* and *S. D. Royse,* for appellee.

HADLEY, J.—Appellee, by his next friend, sued appellant for damages for injuries received by him while in the employ of appellant. The complaint is in three paragraphs. The first avers, in substance, that appellee is an infant; that appellant is a corporation engaged in the business of manufacturing barrels; that in its factory it uses a planer to plane staves; that said planer consists of a plate made of metal, about five feet long, and one foot wide, and as used in said factory extended north and south; about one foot from the south end of said plate there is a hole therein; that below said hole is a shaft running at right angles with said plate, and into this shaft are set knives which extend about four inches from said shaft and a slight distance above the upper plane of said plate; that said shaft and knives are revolved at a high rate of speed by a belt attached to an engine; that beneath said plate, and partly surrounding said knives, is a tin or sheet-iron pipe or boot, which is attached to the lower side of said plate, and runs from there to the floor, and then along the floor to a wall, a distance of about two hundred feet; that a fan is placed at the end of said pipe which causes a suction, intended to draw through said pipe the dust and shavings caused by said knives while planing said staves; that immediately below said plate, and in front of said knives, there is an open place, about eight inches long and eight inches wide, on the south side of said pipe extending down from said plate; that said planer is operated by a man's placing the rough staves in at the north end, and the machine then rolls the staves along said plate over said knives, and they are drawn out by a boy

at the south end of said plate; that said knives, while in operation, create a large amount of dust and splinters, which, if not drawn off through said suction pipe, are thrown in the face of the person drawing the staves through said machine, to such an extent as to make it impossible to see or to work; that appellee on the day of the injury was in the employ of appellant, and his duties consisted of removing staves from said planer; that said suction-pipe did not draw off said dust and shavings regularly, but would clog and dam up at frequent intervals, and fail to carry off said dust and splinters; that said pipe had been fastened to the bottom of said plate, and that the fastening of said pipe and the supports by which said pipe was held in place were loose and broken, and said pipe fell away from its proper position so that the south side of said pipe was brought in close proximity to said revolving knives, and said revolving knives were very close to the side opening in said pipe; that appellee, while performing his duties in removing staves, attempted to pull said pipe back to its proper position; that on account of the failure of appellant to provide a proper guard for said knives, as is provided by the statutes of the State of Indiana, appellee's glove was caught by said knives and his hand drawn into said opening in said pipe and severed at the wrist; that said knives could have been fully guarded, so as to make this accident impossible, by extending said pipe entirely up to said plate on the south side; that the knives could thus have been guarded at a small expense without affecting the utility of said machine, and that the injury to appellee was caused by the failure of appellant to guard said knives in accordance with the provisions of the laws of the State of Indiana.

The second paragraph contains substantially the same averments as the first, with the additional averment that on the day of the injury, when said pipe would dam and clog up, it did not draw off said dust and shavings regularly;

that when thus clogged the circulation could be restored by beating on the outside of the pipe with a stave; that at the time of the injury the pipe became clogged, and appellee jarred said pipe with a stave, but that the dam did not immediately break up; that appellee noticed that the boot had fallen toward the knives, and reached out his hand toward said pipe to draw it into place, when the dam in said pipe suddenly gave way, and the suction in said pipe drew appellee's hand into said hole in the pipe, and it was severed at the wrist by said knives; that the injury was caused by failure properly to guard said knives.

The third paragraph avers that appellee is a minor of the age of fifteen years, and inexperienced in the use of said planer; that appellant, with knowledge of his ignorance and inexperience, employed him to act as off-bearer to said planer; that appellee was instructed by appellant to jar said pipe and boot with a stave when the same became clogged; that he was inexperienced and ignorant of any danger in jarring said pipe, and appellant knew of his ignorance and inexperience; that appellant negligently failed to instruct appellee properly in relation to said work, or to caution him of the dangers incident thereto; that, in the course of his employment, appellee's hand was drawn into said hole in said pipe and severed from the arm at the wrist; that said injury was caused by the negligence of appellant in failing to instruct appellee properly in relation to the dangers of said work in regard to said planer.

There was a trial by jury, verdict and judgment for appellee in the sum of $800. With the general verdict the jury returned answers to interrogatories. Appellant moved for judgment upon the answers to interrogatories, which motion was overruled and judgment rendered in favor of appellee. The only question presented in this appeal is upon the ruling of the court upon appellant's motion for judgment in its favor. The interrogatories answered show the

following facts.     Appellee at the time of the injury was fifteen years old.  He had been working for appellant less than two weeks.  He was a boy of average intelligence, possessed of all his faculties at the time he entered appellant's employ, and at the time of the injury.  He was employed by appellant to perform the duties of off-bearer of staves. In the performance of the duties of such off-bearer of staves, and in taking the staves from the planer, he was in no danger from the knives in such planer.  The hood or boot of said dust pipe was attached to the planer in grooves, and was attached to the floor by means of an iron band. Said pipe was out of position at the time appellee received his injuries.  Appellee was not at any time directed or ordered by the foreman to fix or adjust said dust pipe.  Said pipe was clogged up at the time appellee received his injuries.  Appellee's hand was found in the dust pipe among the shavings that filled said pipe.  The opening in which appellee's hand was injured was in the casting, and was about three inches by six inches, and in the shape of a segment. There was a projection of about nine inches extending over said opening, and at each side of said opening there were triangular shaped projections.  It was three inches from the surface of the boot to the nearest point where the knives revolved.  Said knives were entirely within said covering except where they projected above the planing plate.  The knives could not have injured appellee's hand at or near said opening, unless his hand was placed inside the casing covering the knives.  There was hardly sufficient draft to draw appellee's hand into said opening.  Appellee knew of said opening and the position of said knives.  Appellee was in no danger by reason of said opening in the boot while he was performing the duties of off-bearer, and he was in no danger of injury from the knives of said planer when striking said dust pipe with the stave.

  If these answers show a state of facts wholly inconsistent

1. and irreconcilable with any right in appellee to recover, provable under the issues, then the cause should be reversed. *Ervin* v. *Evans* (1900), 24 Ind. App. 335.

. It will be observed that the first and second paragraphs of the complaint count upon the negligence of appellant in failing properly to guard the knives of the planer.

2. The averments of the complaint and the answers to interrogatories show that these knives were inclosed or covered by the pipe or boot, except where they extended above the planer plate, as was necessary, and a small aperture, three by six inches, in the shape of a segment, in the side of said boot, was guarded by a projection of the plate of nine inches and triangular pieces of iron on either side of the opening. It also appears that the workmen operating this machine, and especially appellee, had no duties to perform that required them to come in close proximity to the knives underneath the planer plate except possibly that of hitting the side of said boot with a stave. It is clear, therefore, that so long as said boot was in place there was no possible danger to appellee in the performance of his duties as off-bearer, unless he deliberately extended his hand into this aperture, an act certainly unexpected and unforeseen. It is insisted that this aperture, three inches by six inches in dimension and in the shape of a segment, should have been covered with a wire screen or netting. We do not think this was required. It is inconceivable that appellee in the performance of his duties, by accident or mischance, could have got his hand into this opening and been injured thereby if the boot had been in its proper place. The construction and manner of using the planer were so simple that no other guard than that maintained was necessary. *Foster* v. *Bemis Indianapolis Bag Co.* (1904), 163 Ind. 351. It could as well be said that a gaslight used near machinery should be covered because some workman might thrust his hand into the flame.

If a machine is so guarded that there is no probability of a workman's being injured thereby in the usual and ordinary discharge of his duties, with the attendant danger of accident or mischance that may be foreseen or anticipated, such machine is properly guarded within the meaning of the statute, although it may be possible for such employe to be injured by knowingly and unnecessarily placing some portion of his person within such guard and within the danger zone. *Evansville, etc., Stave Co.* v. *Bailey* (1909), 43 Ind. App. —; *Foster* v. *Bemis Indianapolis Bag Co.*, *supra;* *Robertson* v. *Ford* (1905), 164 Ind. 538. Could a vat containing boiling lye be said to be unguarded that had a cover over it in which there was a hole three by six inches through which an employe could and might insert his hand? The statute does not require that each piece of machinery shall be hermetically sealed, or that the guards in all cases shall be so placed that an employe shall not be able to insert his hand in an obviously dangerous place if he deliberately attempts to do so.

So it appears from the averments of the complaint and the answers to the interrogatories that the machine was properly guarded. But it is averred, and it is no doubt true, that the boot had slipped out of place and fallen toward the knives; that appellee sought to readjust it, and, in so doing, placed his hand within the aperture, or so near that his glove was caught by the knives and his hand drawn in. But it is not averred nor contended that appellant negligently permitted said boot to get out of repair, or that it was the duty of appellee to replace it in position. From averments of the complaint it appears that the defective condition occurred at or near the time of the injury, at least there is no averment to the contrary.

There is no such emergency shown to have confronted appellee, and requiring action on his part, as to bring appellee's act within the emergency rules laid down in the cases cited by appellee. It is not averred nor

shown anywhere that the property or safety of any of the employes was endangered by the misplacement of the boot.

It is stated by appellee that since the second paragraph of complaint contains a general averment "that it was the duty of appellee to perform such work as might be required of him," it might have been shown that it was a part of his duties to reach under and readjust the boot, which he was doing when injured. But the averment mentioned is merely a conclusion, and is therefore insufficient for any purpose. The facts showing the duty must be pleaded. *Robertson* v. *Ford, supra; Chicago, etc., R. Co.* v. *Barker* (1908), 169 Ind. 670. The same objection might properly be made to all the averments as to the duties of appellee.

It is apparent from the answers to the interrogatories that the injury to appellee was not occasioned by unguarded machinery and while he was in the performance of his duties as off-bearer, but by his stepping aside from the performance of his said duties and voluntarily putting his hand into a place of danger that was obvious and known to him. And, unfortunate and lamentable as the result may be, he has no legal claim upon appellant for recompense therefor on the grounds stated in the first and second paragraphs of complaint. *Robertson* v. *Ford, supra.*

It is insisted, however, that the judgment should be sustained upon the theory of the third paragraph, which bases the negligence of appellant upon the ground that it did not warn appellee of the dangers attending his employment. The averments of the complaint and the answers to the interrogatories show that in the performance of his duties as off-bearer he was in no danger from the machinery, except the open and obvious danger of inserting his hand into the opening in the boot or planer plate where the knives were. This was a danger so patent to everyone of ordinary intelligence that appellant was not required to warn against it. *Foster* v. *Bemis Indianapolis*

*Bag Co., supra; Atlas Engine Works* v. *Randall* (1885), 100 Ind. 293, 50 Am. Rep. 798; *Whitcomb* v. *Standard Oil Co.* (1899), 153 Ind. 513; *Phillips* v. *Michaels* (1895), 11 Ind. App. 672. Appellant was not bound to anticipate that appellee would step aside from his work to put his hand into an obviously dangerous place. In 1 Labatt, Master and Serv., §236, the learned author says: "No right of action is established where, taking into consideration the nature of the work assigned to the servant, the master had no reason to expect the contingency of the servant's placing himself in such a position as to incur the danger with regard to which it is alleged that he should have been instructed."

Furthermore, it is not the duty of the employer to instruct the employe of a danger which is actually known to such employe. "The juridical consequences of constructive knowledge being the same as those of actual knowledge, it follows that no duty to instruct a servant can be predicated in a case in which the instruction will not add to the knowledge which, under the circumstances, is attributed to him. In other words, the master is not required to point out dangers which are readily ascertainable by the servant himself if he makes an ordinarily careful use of such knowledge, experience, and judgment as he possesses. The failure to give instruction, therefore, is not culpable where the servant might, by the exercise of ordinary care and attention, have known of the danger, or, as the rule is also expressed, where he had all the means necessary for ascertaining the actual conditions, and there was no concealed danger which could not be discovered." 1 Labatt, Master and Serv., §238. The jury found that appellee was fifteen years old, of average intelligence, and possessed of all of his faculties; that he had actual knowledge of said opening and the position of said knives; that there was no danger to him in the performance of his duties as off-bearer, or in hitting the boot with a stave, which is the danger it is averred he should have been warned against.

The facts exhibited by the allegations of the third paragraph and the answers to the interrogatories do not show negligence on the part of appellant in the manner complained of. The averments of the complaint and answers to interrogatories do, however, show a state of facts that might properly be grounds for an action either for failure to keep in repair or failure to provide a proper exhaust pipe, as required by the statute (§8029 Burns 1908, Acts 1899, p. 231, §9). This being exhibited by the record, it is our opinion that the justice of the case requires that a new trial be granted.

The cause is therefore reversed, with instructions to grant a new trial and leave to amend the pleadings, if requested, and for further proceedings not inconsistent with this opinion.