Filed April 5, 1890.

---

No. 14,241.

## THE CHICAGO, ST. LOUIS AND PITTSBURGH RAILWAY COMPANY v. BURGER.

| | |
|---|---|
| 124 | 275 |
| 132 | 286 |
| 133 | 417 |
| 124 | 275 |
| 139 | 415 |
| 124 | 275 |
| 141 | 544 |
| 124 | 275 |
| 144 | 292 |
| 146 | 317 |
| 124 | 275 |
| 148 | 464 |
| 149 | 69 |
| 124 | 275 |
| 154 | 332 |

RAILROAD.—*Fire from Passing Engine.*—*Negligence.*—*Liability of Company.*— Where a railway company negligently permits dry grass and other combustible matter to accumulate upon its right of way, and they are set on fire by passing engines, and the fire is negligently permitted to escape to the land of an adjoining owner, without negligence on his part, the company is liable.

SAME.—*Contributory Negligence.*—It is not contributory negligence for the adjacent owner to permit dry grass and stubble on his land which will spread fires negligently set by the railway company.

SAME.—*Complaint.*—*Special Verdict.*—*Theory Proceeded on.* — *Judgment.*— Where the complaint proceeds upon the theory that the plaintiff's injury was caused by the negligence of the defendant in permitting rubbish, and other combustible matter, to accumulate on its right of way from which the fire escaped to the land of the plaintiff; while the ver-

dict rests upon the theory that the injury was occasioned by the negligence of the company in failing to provide its engines with proper spark-arresters, a judgment for the plaintiff based thereon will not be sustained.

SAME.—*Special Verdict.—Finding of Negligence.—Mere Conclusion.*—A special verdict should state facts, not conclusions. A finding that one of the parties has been guilty of negligence is a mere statement of a conclusion, and will not support a judgment.

From the Jasper Circuit Court.

*N. O. Ross, E. P. Hammond* and *W. B. Austin,* for appellant.

*I. W. Yeoman* and *S. P. Thompson,* for appellee.

COFFEY, J.—This action was prosecuted in the circuit court to recover damages for the destruction of the appellee's meadow by fire, on account of the alleged negligence of the appellant.

We have experienced much difficulty in determining the theory upon which the complaint proceeds. With some reluctance we have concluded that the complaint proceeds upon the theory that the appellant was guilty of negligence in permitting rubbish and combustible material to accumulate upon its right of way, by means of which fire was communicated to the appellee's premises, resulting in the injury of which he complains.

The complaint alleges that appellant's right of way was fenced, on the north side, with a wire fence, against which dry grass, weeds, and rubbish, and other inflammable material, had drifted and lodged, without any fault of the appellee, and was allowed to remain by the negligence of the appellant; that the appellee's meadow was covered with dry grass, either left for seed, or the after-grass grown after mowing; that the locomotive engine, drawing a train of cars on appellant's said road, as the same moved across appellee's land, in an easterly direction, dropped and permitted to escape therefrom sparks and coals of fire, which sparks and coals of fire were allowed and permitted to escape from the flue,

smoke-stack, and ash-pan by the negligence and careless-
ness of appellant, in part, in not providing a proper flue,
smoke-stack, spark-arrester, and ash-pan, and other means
to arrest the escape of sparks and fire, and in part from the
negligence and carelessness of appellant's employees in oper-
ating the said locomotive engine, whereby the said coals,
sparks, and fire escaped from appellant's locomotive and en-
gine, and falling upon said inflammable material upon appel-
lant's right of way, and along appellant's said fence, as well as
upon the appellee's ground on the north side of appellant's
track and right of way, communicated fire to such inflamma-
ble material and dry grass, from whence the fire so kindled,
without the fault of the appellee, and by the negligence of
the appellant, spread upon and over appellee's said meadow-
land, destroying his grass to his damage, etc.

The court overruled a demurrer to the complaint, and
upon issues formed the cause was tried by a jury, who, un-
der the instructions of the court, returned a special verdict.
The court rendered judgment for the appellee, from which
this appeal is prosecuted.

It is first insisted by the appellant that the complaint does
not state facts sufficient to constitute a cause of action.

We do not agree with the appellant in this contention.
It is settled by the repeated decisions of this court that
where a railroad company negligently permits dry grass and
other combustible matter to accumulate upon its right of
way, which are set on fire by passing engines and the fire is
negligently permitted to escape to the land of an adjoining
owner, without negligence on his part, such company is
liable for the injury resulting from such fire. *Louisville, etc.,
R. W. Co. v. Parks*, 97 Ind. 307; *Louisville, etc., R. W. Co.,
v. Krinning*, 87 Ind. 351; *Pittsburgh, etc., R. W. Co. v.
Jones*, 86 Ind. 496; *Louisville, etc., R. W. Co. v. Hanmann*,
87 Ind 422; *Pittsburgh, etc., R. W. Co. v. Hixon*, 110 Ind.
225; *Indiana, etc., R. W. Co. v. Overman*, 110 Ind. 538.

The right of way of a railroad company is only an ease-

ment, the fee remaining in the owner of the soil, but the railroad company has the exclusive right of possession, so that the owner of the fee has no right to enter and remove combustibles. If the company permits them to accumulate, that fact may warrant a finding of negligence on the part of the company, and it is not contributory negligence for the adjacent owner to permit dry grass and stubble on his land which will spread fires negligently set by the railroad company. *Pittsburgh, etc., R. W. Co.* v. *Jones, supra.*

It sufficiently appears from the complaint before us that the appellant suffered combustible material to accumulate upon its right of way which was set on fire by a passing engine, and that the appellant negligently permitted such fire to escape to the land of the appellee.

The court did not err in overruling the demurrer to the complaint.

It is also contended by the appellant that the special verdict of the jury is not sufficient to authorize a judgment for the appellee.

It appears from the special verdict that the appellee's meadow was covered with dry grass which had grown up after the mowing season. At the time the fire occurred the wind was blowing from the southwest. The fire caught in the dry grass in the appellee's meadow north of the appellant's right of way, and from sixty to sixty-six feet north of the center of appellant's track. The fire originated from sparks or coals of fire emitted by a passing engine.

In addition to finding the facts above stated, the jury, in their special verdict, say: " The defendant's locomotive, from which the fire escaped, was not provided with a proper spark-arrester. The defendant was guilty of negligence in allowing fire to escape from its locomotive and spread upon plaintiff's land. * * * The negligence of the defendant was the proximate cause of the injury to the plaintiff's meadow."

It will be observed that the verdict rests upon a theory

entirely different from that upon which the complaint proceeds. The complaint proceeds, as we have seen, upon the theory that the appellee's injury occurred by reason of the negligence of the appellant in permitting rubbish and other combustible matter to accumulate upon its right of way, from which fire escaped to the land of the appellee, while the verdict rests upon the theory that the appellee's injury was occasioned by the negligence of the appellant in failing to provide its engines with proper spark-arresters.

The appellee must recover, if at all, upon the case as made by his complaint, and not upon some other which he might have made. *Thomas* v. *Dale*, 86 Ind. 435; *Hasselman* v. *Carroll*, 102 Ind. 153.

But the verdict is not sufficient to warrant a judgment for the appellee upon either theory.

The statements of the jury to the effect that the engine from which the fire escaped was not provided with a proper spark-arrester, that the appellant was guilty of negligence in permitting the fire to escape from the engine, and that the negligence of the appellant was the proximate cause of the injury to the appellee, are merely the statements of conclusions. It is the province of a special verdict to state facts, and not conclusions.

To warrant the court in rendering judgment against the appellant on account of negligence, there should be such a finding of facts as would enable the court to say, as a matter of law, that the appellant had been guilty of negligence. A special verdict should be limited to the case made by the pleadings, should find all the facts proven under the issues, and should not embody statements of conclusions of law or fact. A finding that one of the parties has been guilty of negligence has often been held by this court to be a mere statement of a conclusion. *Pittsburgh, etc., R. W. Co.* v. *Adams*, 105 Ind. 151; *Pittsburgh, etc., R. R. Co.* v. *Spencer*, 98 Ind. 186; *Indianapolis, etc., R. W. Co.* v. *Bush,* 101 Ind. 582; *Conner* v. *Citizens St. R. W. Co.*, 105 Ind. 62; *Louis-*

The Cincinnati, Indianapolis, St. Louis and Chicago R'y Co. *v.* Howard.

*ville, etc., R. R. Co.* v. *Balch,* 105 Ind. 93; *Louisville, etc., R. W. Co.* v. *Frawley,* 110 Ind. 18.

Judgment reversed, with directions to grant a new trial. Filed June 6, 1890.