LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY
COMPANY *v.* ROBERTS.

[No. 2,225.    Filed Oct. 5, 1897.    Rehearing denied Dec. 7, 1897.]

SPECIAL VERDICT.—*Contributory Negligence.*—The special verdict must affirmatively establish the plaintiff's freedom from contributory negligence, as well as defendant's negligence, before there can be a recovery. *p. 539.*

SAME.—*Judgment of Court Must Be Upon the Facts Found.*—Where a special verdict has been returned, the judgment of the court must be upon the facts as they are found. The court cannot look to the evidence. *p. 539.*

RAILROADS.—*Damages from Fire Escaping from Right of Way.*—*Special Verdict.*—In an action against a railroad company for damages caused by fire escaping from the company's right of way, the special verdict returned made no finding as to what plaintiff did to prevent the loss of the property destroyed, except to find generally that plaintiff "did all he could." *Held,* that the verdict presented no facts showing plaintiff's freedom from contributory negligence, and, therefore, no judgment could be rendered thereon. *pp. 540–542.*

From the Pulaski Circuit Court. *Reversed.*

*E. C. Field, W. S. Kinnan* and *J. C. Nye,* for appellant.

*W.* and *J. M. Spangler* and *Elliott & Elliott,* for appellee.

HENLEY, J.—Appellee recovered a judgment in the lower court against appellant for $1,280.00. The complaint was in two paragraphs, both substantially the

same, wherein it was charged that appellant negligently permitted combustibles to accumulate and remain on its right of way; that the same were ignited by sparks from its locomotive, and that the fire so kindled was, by appellant, negligently permitted to escape from the right of way of appellant and spread over and burn appellee's property, without fault or negligence on the part of appellee. Both paragraphs of complaint were held good upon demurrer. Appellant answered by the general denial. The cause was submitted to a jury and a special verdict returned. Appellant's motion for judgment on the special verdict was overruled, and judgment rendered in favor of appellee. Appellant moved to modify the judgment, which motion the court overruled.

The alleged error of the court in overruling appellant's motion for judgment upon the special verdict is the first point discussed by counsel. It is contended that the verdict does not show appellee's freedom from fault. It is as necessary that this should be shown in the verdict as it is that appellant's negligence should be shown before there could be a judgment rendered thereon by the court, and the burden was upon the appellee to show his freedom from fault. *Cleveland, etc., R. W. Co.* v. *Hadley*, 12 Ind. App. 516.

The judgment of the court must be upon the facts as they are found in the special verdict. It cannot be aided by the evidence, neither can the court indulge in intendments in aid of it. That part of the verdict which counsel for appellee insist is sufficient to show appellee's freedom from fault is as follows: "Q. What effort did plaintiff make to prevent his hay and land from being burnt by the fire September 5, 1893? Ans. Done all he could. Q. Did the plaintiff do all in his power to prevent the fire from reaching his land and burning his property? Ans. Yes."

If these questions and answers do not furnish the facts from which the conclusion of freedom from fault can be drawn by the court, then the verdict is silent upon this issue. What did the appellee do to prevent the destruction of his property? No primary facts are given by which the court could determine whether appellee was negligent or free from fault. The answer, "Done all he could," is a conclusion of the jury which, if we concede it to mean that he did all an ordinarily prudent man would have done under like circumstances, might have been proper under some of the decisions of our courts, but in no case has it been held that such a finding was proper without the statement of the primary facts leading up to it. A special verdict must contain facts only. When the facts are found by the jury, they become the undisputed facts of the case, and the question of negligence or freedom from fault becomes a pure question of law for the court. If negligence is a mixed question of law and fact, it becomes a pure legal question after the facts are found.

In the case of *Conner* v. *Citizens Street R. W. Co.*, 105 Ind. 62, the Supreme Court, by Mitchell, J., said: "A civil case cannot be conceived of in which it is the province of the jury by special verdict to determine the facts, and also to draw inferences in the nature of legal conclusions upon the facts found. When the jury find and return a special verdict, it must then be considered *that the facts in that case are no longer in dispute. They are ascertained and settled by the special verdict.* Unless it can be maintained that the inference or conclusion which may be drawn from all the ascertained and undisputed facts is also a fact, it must follow that it is not the province of the jury to draw inferences or state conclusions. It is settled by decisions so numerous that we need not cite the cases,

that where the facts are undisputed it is the province of the court to settle the question of negligence as a question of law. This must be so in the nature of things. If it is otherwise, there is a class of cases in which upon the undisputed facts the court is incapable, of reaching a conclusion, or of determining whether such facts constitute negligence or not. * * *

"Concede that in some sense negligence is, as it is sometimes said to be, a mixed question of law and fact, it cannot be so after the facts are ascertained. In cases involving negligence, as in all other civil cases, a point must be reached at some time when the facts and the law are to be considered as separate and distinct, when the litigants have the right to invoke the judgment of the court, and require it to determine whether, upon the facts as they are agreed to be, the law declares that negligence intervened. Such a point, we think, is arrived at when the jury have agreed upon and returned to the court in a special verdict the principal, contested facts in issue." *Pittsburgh, etc., R. R. Co.* v. *Spencer,* 98 Ind. 186; *Indianapolis, etc., R. W. Co.* v. *Bush,* 101 Ind. 582; *Chicago, etc., R. W. Co.* v. *Burger,* 124 Ind. 275.

There can be no other reasonable or sensible ground to stand upon. The legislature has declared that "A special verdict is that by which the jury find the facts only, leaving judgment thereon to the court." Section 554, Burns' R. S. 1894.

If negligence or non-negligence, or freedom from contributory negligence, are mixed questions of law and fact, they are never so, when the facts are once ascertained and fixed, as it is the province of a special verdict to do, and if in some cases the jury may be properly asked to return the ultimate fact that the plaintiff did or did not exercise the care that an ordinarily prudent person would have done under like

circumstances, they must also find the primary facts upon which the ultimate fact is based, else there would be nothing left for the court to do but render judgment upon the single finding.

The answers that appellant did all he could, and did all in his power to prevent the destruction of his property present no facts upon which the court could render judgment; the facts as to what appellee did are entirely absent from the verdict. If we were permitted to turn to the evidence to supply the omission there would be no trouble. The evidence going to show appellee's freedom from fault is clear and conclusive. It shows that appellee immediately upon discovering the fire, and before it reached his premises, hurriedly hitched up his team and plowed a furrow around his hay stacks, and tried to prevent their destruction, but that the fire swept across the furrows and burned the stacks. What appellee did ought to have been given in direct response to the first question asked by the jury, instead of the meaningless answer, "Done all he could." This defect might have been remedied had appellee, at the proper time and before the jury was discharged, asked the court to require the jury to retire to their room and answer the question.

The other errors complained of by appellant, it is not necessary that we notice. They all arise out of the operation of the special verdict law, and are not likely to occur upon another trial of this cause.

On account of the failure of the special verdict in this cause to show the appellee to be free from fault, the lower court erred in rendering judgment upon such verdict in favor of appellee, and the cause must be reversed.

Judgment reversed and new trial ordered.

ROBINSON and WILEY, JJ., absent.