## THE CITY OF ALEXANDRIA ET AL. *v.* YOUNG.

[No. 2,366.    Filed June 29, 1898.    Rehearing denied Oct. 13, 1898.]

NEGLIGENCE.—*Contributory Negligence. — Complaint.*—A complaint against a city, a contractor who was engaged in constructing a water-works system therein, and the foreman, alleging that defendants constructed a deep ditch across one of the traveled streets of the city and left same unguarded, and that plaintiff, while carefully pursuing his way along the street after night, not knowing of such excavation, fell into same and was injured, sufficiently shows defendants' negligence and plaintiff's freedom from contributory negligence, and shows a joint liability on the part of defendants. *pp. 674-677.*

SPECIAL VERDICT.—*Sufficiency.*—The conclusion of negligence is not a question for the jury to find in a special verdict, and no error was committed in overruling a motion by defendant for judgment on the special verdict, in an action for damages, for the reason that there was no finding in the verdict that defendant was guilty of negligence. *p. 677.*

EVIDENCE.—*Harmless Error.*—In the trial of an action against a city, a contractor engaged in the construction of a system of water-works therein, and the foreman thereof, for damages on account of injuries received by plaintiff from falling into an excavation in a street, the admission in evidence of the proceedings between the city and the contractor leading up to the contract for the construc-

The City of Alexandria *et al. v.* Young.

tion of the water-works, and the contract and bond of contractor was harmless.  *p. 678.*

SAME.—*Declarations Made by Plaintiff.*—Proof of declarations made by plaintiff in regard to his suffering after receiving an injury, and before the bringing of an action for damages therefor, is properly admitted in evidence in the trial of such action.  *p. 678.*

NEW TRIAL.—*Newly Discovered Evidence.*—An application for a new trial based upon newly discovered evidence is properly refused where such evidence would be incompetent if objected to by the adverse party.  *pp. 679, 680.*

From the Delaware Circuit Court.  *Affirmed.*

*R. S. Gregory, A. C. Silverburg, O. J. Lotz* and *Shannon & Rizer*, for appellants.

*James A. May, Joseph G. Leffler, Walter L. Ball* and *John E. Wiley*, for appellee.

HENLEY, C. J.—The appellee was the plaintiff in the lower court, and prosecuted this action to recover damages resulting from an injury received by falling into an excavation or trench dug in a certain street in the city of Alexandria.  The action was begun in the Madison Circuit Court, and in addition to the appellants, one Walter Fleming and the Alexandria Water-works were made defendants.  The defendants separately demurred to the complaint, assigning as cause that the complaint did not state facts sufficient to constitute a cause of action.  These demurrers were overruled, and the defendants each excepted to the ruling thereon.  The defendants separately answered.  These answers were each general denials, there being no other answers filed.  The venue was changed to the Delaware Circuit Court, where there was a trial by jury and a special verdict returned, wherein appellee's damage was assessed at $3,000.

Motions for judgment upon the special verdict were separately made by each party to the action.  The motions of each of the appellants for judgment on the

special verdict were overruled. The separate motions of the defendants the Alexandria Water-works and Walter Fleming were sustained. The motion of appellee for judgment upon the special verdict against appellants was sustained. Appellants filed their joint and several motions for a new trial which was overruled, as was also the motion in arrest of judgment. Thereupon the court rendered judgment against appellants in the sum of $3,000. Appellants have jointly and severally assigned error as follows: (1) Error in overruling appellants' demurrer to appellee's amended complaint. (2) Error in overruling appellants' motion for judgment upon the special verdict of the jury. (3) Error in sustaining appellee's motion for judgment upon the special verdict. (4) Error in overruling appellants' motion for a new trial. (5) Error in overruling appellants' motion in arrest of judgment.

Counsel for appellants, in their argument, first question the sufficiency of the complaint, which question was raised in the lower court by the separate demurrers of appellants directed thereto. The complaint alleges, that the Alexandria Water-works is a duly incorporated company under the laws of the State of Indiana; that the city of Alexandria is a duly incorporated city under the general laws of this State; that about the 1st of July, 1895, said city of Alexandria advertised for bids for the construction of a system of water-works for said city, and that the Seckner Contracting Company was one of the bidders for such work, and that said bid was duly accepted by the common council of said city of Alexandria. Appellant, the said Seckner Contracting Company, duly assented to said acceptance; that on the 13th day of August, 1895, the said city of Alexandria, by its common council, adopted an ordinance granting a franchise for the construction of said water-works system

to the Alexandria Water-works, which water-works were to be constructed in accordance with the plans and specifications on file in the city engineer's office; that the Alexandria Water-works duly accepted said franchise and all of the terms of the said ordinance, and on the 15th day of August, 1895, the said Alexandria Water-works and the appellant, the Seckner Contracting Company entered into a contract whereby the Seckner Contracting Company was to construct said water-works system and to give its bond to the said Alexandria Water-works for the faithful performance of such contract, and the Alexandria Waterworks did, on the 25th day of August, 1895, assign said bond to the appellant, the said city of Alexandria, to secure the said city for the faithful construction of the said water-works system in accordance with the said plans and specifications; that on or about the 1st day of September, 1895, the appellant, the Seckner Contracting Company began work in the construction of the said water-works system, and about the same time entered into a contract with one Walter Fleming, whereby said Fleming was to oversee the construction of trenches and the laying of pipes needed and required in the construction of the said waterworks system; that in the performance of the above contract the said Fleming constructed one of said trenches along and in Fairview avenue in said city of Alexandria, and also another short trench on the arm at or near the junction of Fairview avenue and Adams street, in said city; that said short trench or arm was about fifteen feet in length, and was a part of said water-works system, and said trench when completed, was of the depth of six feet and two inches, and of the width of about two and one-half feet, and lay immediately on and across that part of said Adams street which was most used for travel by pedestrians; that

said short trench or arm was left open and wholly un-guarded on the evening and night of the 11th day of October, 1895, and that no light or guard of any kind was placed at said short trench on said night and evening, and that appellee fell into said trench on the night of the 11th day of October, 1895, and at the time he so fell into said trench he had no notice or knowl-edge whatever of the construction or the existence of the same, but was at the said time lawfully pursuing his journey along said Adams street, and the night be-ing very dark and rainy, appellee was careful and cau-tious in pursuing his journey along said street at said time, and did everything to avoid an injury of any kind; that because of the said failure to have a light or guard of some kind at said trench, it having been left open and wholly unguarded, appellee had no means of knowing its location, or of guarding against falling into it, and because of said trench being so negligently left open and unguarded as aforesaid, appellee was ac-cidentally and without fault on his part precipitated into said trench, wholly and entirely by the gross negligence of the defendants, and without any fault or negligence upon the part of the appellee; that the said Adams street is one of the principal streets of the said city of Alexandria, and is much traveled by the citizens of said city and by the public in general; that the appellants had notice of the excavation in time to have guarded the same before the accident occurred, and that the said city of Alexandria at all times re-tained the right to supervise and control the construc-tion of said water-works system; and that by reason of said fall and precipitation into said trench, appellee was greatly injured and permanently disabled. Ap-pellee then specifically states in his complaint the kind and nature of the injuries sustained by him, his ability

to earn money prior.to said injury, and demands damages in the sum of $15,000.

The complaint distinctly avers that appellants constructed a deep ditch across one of the traveled streets of the city, and that in the night time appellee, while carefully pursuing his way along the street, unmindful of the danger, and not knowing of such excavation, fell into the same and received the injury for which damage is claimed. It is further averred that his said injury was caused wholly and entirely by the gross negligence of appellants; that the said trench or ditch was left open and unguarded by barriers in the night time, and "by means of said trench or arm being so negligently left open and unguarded, plaintiff (appellee) was accidentally and without fault on his part precipitated into said short trench or arm." Appellants' negligence and appellee's freedom from fault are, we think, sufficiently alleged in the complaint. The allegations of the complaint also show a joint liability on the part of appellants to this appellee. *Westfield Gas & Milling Co.* v. *Abernathy*, 8 Ind. App. 73.

It is next contended by counsel for appellants that the lower court erred in sustaining appellee's motion for judgment on the special verdict. The principal contention is that the verdict is insufficient to support the judgment because there is no finding therein that the appellants were guilty of negligence, and that the words "negligence" or "negligently" nowhere appear in the verdict.

The conclusion of negligence is not for the jury where a special verdict is returned. *Board, etc.,* v. *Bonebrake*, 146 Ind. 317; *Louisville, etc., R. W. Co.* v. *Lynch*, 147 Ind. 165; *Louisville, etc., R. W. Co.* v. *Roberts*, 18 Ind. App. 538; *Conner* v. *Citizens' Street R. W. Co.*, 105 Ind. 62; *Indianapolis, etc., R. W. Co.* v. *Bush*, 101 Ind. 582; *Pittsburg, etc., R. R. Co.* v.

*Spencer*, 98 Ind. 186; *Chicago, etc., R. W. Co.* v. *Burger*, 124 Ind. 275. The facts were placed before the court by the special verdict and were sufficient from which the court could conclude that appellants had neglected a duty which resulted in appellee's injury, and to which injury appellee did not contribute. This was sufficient to uphold the judgment of the court.

Appellants objected to the introduction of many matters of record of the proceedings of the city council of the city of Alexandria. These proceedings all related in some manner to the construction of the water-works plant in said city. The court also permitted appellee to introduce in evidence the bond given by appellant, the Seckner Contracting Company, to the Alexandria Water-works, and assigned to the city of Alexandria. The American Surety Company was the surety on this bond. We are unable to see how appellants could have been harmed by the introduction of any of this evidence. It simply put before the court and jury all of the proceedings leading up to the actual work of constructing the water-works plant, and its purpose was to inform the court and jury as to the relation which the various parties to this action bore to each other in such work of construction. A large part of this evidence might have been refused by the trial court because it was immaterial and was not necessary to establish any of the essential averments of appellee's complaint, but its admission was harmless and no reversible error can be predicated thereon.

The evidence of the witness William Houston, which is objected to by appellants, was, we think, properly admitted. This witness was permitted to testify as to the declarations and complaints of appellee made to witness in regard to appellee's suffering. It was said in the case of the *Carthage Turnpike*

*Co.* v. *Andrews,* 102 Ind. 138: "Other witnesses were allowed to give the declarations and complaints of appellee to them in relation to his loss of sleep, appetite and taste, freezing in summer time, and sufferings in other respects. These declarations and complaints were made at various times from the receiving of the injury until the bringing of the action. They were not by way of narrations of past sufferings, but had reference to the times when made. This evidence, we think, was competent and proper. For whatever appellee may have suffered mentally or physically during the period from the injury, as well as for the permanent loss of health, he is entitled to recover, if he is entitled to recover at all. And, to show the extent of the suffering, his declarations and complaints at the time, or at any one time, are competent. How much weight should be given to such declarations is a question for the jury." See *Cleveland, etc., R. R. Co.* v. *Newell,* 104 Ind. 264; 1 Greenleaf Ev. section 102; *Town of Elkhart* v. *Ritter,* 66 Ind. 136; 1 Phillipps Ev. 180, 182.

The thirty-fifth cause assigned in the motion for a new trial is based upon newly discovered evidence, and is supported by the affidavit of a physician. In this affidavit it is made to appear that some five years prior to the happening of the accident by which appellee was injured, the said physician treated appellee for impotency, and that appellee's genital organs were at that time diseased. It is contended by appellants' counsel that this showing ought to entitle appellants to a new trial from the fact that $1,000 is by the jury, in the special verdict specifically allowed as compensation for injuries sustained by appellee to his genital organs, by which he became impotent. Waiving all other objections, that might be made to the showing made by appellants under the cause, we are consider-

ing, it is sufficient to say that the evidence of the physician, as appears from the affidavit made by him, would not be competent evidence upon the trial of this cause if objected to by appellee, and we cannot presume that appellee would not protect himself, upon another trial, from the introduction of incompetent evidence. The facts found by the special verdict were all within the material and competent evidence, and under these facts we cannot say that the judgment was excessive. We find no error in the record for which the cause should be reversed. Judgment affirmed.