## PENNSYLVANIA COMPANY *v.* MANDERVILLE.

[No. 2,680.   Filed April 20, 1899.]

From the St. Joseph Circuit Court.   *Reversed.*

*Allen Zollars, C. H. Worden* and *F. E. Zollars,* for appellant.
*Lemuel Darrow* and *F. E. Osborn,* for appellee.

BLACK, C. J.—The appellee brought his action against the appellant to recover damages for the destruction of hay on his land and the turf, or muck soil on said land, occasioned by the appellant causing fire to originate on its right of way in dry and combustible material negligently suffered to accumulate there, and negligently permitting the fire to spread from the right of way to said land, on the 20th of September, 1895.

There was a special verdict in the form provided for by our statute of 1895 (repealed in 1897), consisting of interrogatories prepared by the attorneys of both parties, and the answers of the jury thereto.

The jury answered each of the following interrogatories in the affirmative. "38. Did the plaintiff become aware that his property was in danger of being burned by the fire of September 20, 1895, before it reached his land?" "39. If you answer the last question in the affirmative, then, did the plaintiff, as soon as he became aware that his property was in danger of being injured by said fire, endeavor to prevent said fire from reaching his property?" "40. Did the plaintiff do all in his power to prevent his property from being injured by said fire on the 20th day of September, 1895?" The jury answered in the negative the next interrogatory, which was as follows: "41. If you find that plaintiff's property was injured by the fire of September 20, 1895, then, did said injury occur through any fault of his?" These were the only portions of the verdict relating to the care and diligence of the appellee.

There was not in these interrogatories and answers such a showing of due care and diligence on the part of the land owner as was necessary in a special verdict.    The case is similar in this regard to *Louisville, etc., R. Co.* v. *Roberts*, 18 Ind. App. 538, and *Wabash R. Co.* v. *Miller*, 18 Ind. App. 549.    We do not find it necessary to add to the discussion of the subject which may be found in those cases.    They control the case at bar.

The judgment is reversed, and the cause is remanded for a new trial.

Henley, J., absent.