## M. RUMELY COMPANY v. MYER.

[No. 5,920.   Filed November 1, 1907.]

1. **MASTER AND SERVANT.**—*Safe Place.*—The master must use ordinary care to furnish the servant a safe working place. p. 462.

2. **SAME.**—*Assumption of Risk.*—*Notice.*—The servant assumes the risk of ordinary dangers incident to the service, and is conclusively presumed to take notice of open and obvious perils, as well as those discoverable by the use of ordinary diligence. p. 462.

3. **PLEADING.**—*Complaint.*—*Master and Servant.*—*Want of Notice of Defects.*—*Specific Allegations.*—A complaint alleging generally that the servant had no notice of the alleged defects causing the injury, is sufficient; but specific allegations showing that the servant must have known thereof, overcome such general allegation. p. 463.

4. **MASTER AND SERVANT.**—*Inspection.*—*Duty of Servant.*—The servant is under no duty to search or inspect the master's premises for possible defects. p. 463.

5. **PLEADING.**—*Complaint.*—*Master and Servant.*—*Safe Place.*—A complaint alleging that plaintiff, an experienced workman employed to move heavy wheels by rolling them from one part of the premises to another, undertook to roll one of such wheels from one building to another; that a part of the way was exposed to the weather and was covered with snow; that the way covered by snow was, to defendant's knowledge, uneven and rough; that such roughness and unevenness was concealed from his view by the snow; that plaintiff, by reason of such condition and without notice thereof, sustained injuries by reason of the falling of such wheel, does not state a cause of action. p. 463.

From Laporte Circuit Court; *John C. Richter,* Judge.

Action by George Myer against M. Rumely Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

Frank E. Osborn and W. A. McVey, for appellant.
M. R. Sutherland and R. N. Smith, for appellee.

MYERS, J.—Action by appellee against appellant to recover damages for personal injuries alleged to have been caused by the negligence of appellant. The issues formed by an amended complaint in one paragraph, answered by a general denial, were submitted to a jury, resulting in a verdict for

$1,800 in favor of appellee. Appellant's motion for a new trial was overruled, and judgment rendered on the verdict.

For a reversal of this judgment, appellant insists that the trial court erred in overruling its demurrer to the amended complaint. By the complaint it is made to appear that appellant, a corporation, on January 31, 1905, the day of the accident, was engaged in manufacturing and repairing thrashing-machines, traction-engines, and other articles, in the city of Laporte, Indiana; that appellee was in its employ as a common laborer; that, as such employe, it was a part of his duty to assist in transporting from one part of appellant's factory to another large iron traction-wheels, about seven feet in diameter, eighteen inches wide at the rim or tire, and weighing about one thousand pounds; that on said day, pursuant to his said employment and in obedience to instructions from appellant, he, with three of his co-employes, undertook to remove one of said wheels to a room known as the ''wrecking room'' of appellant's factory, and in order to do so it was necessary to roll said wheel on the ground across an open or uncovered space, which was the only way provided by appellant for that purpose; that appellant negligently permitted said way to become unsafe, unfit, and in a dangerous condition for such use, in this, that appellant negligently failed to provide a roof or covering over said way, and negligently permitted said way to be and become exposed to the weather, and at that time to become covered with snow and ice, which made it rough and uneven, thereby making the same unsafe and dangerous for appellee; that said way, at the time appellee and his said co-employes were so engaged, had the appearance of being safe, even, and smooth, by reason of the falling of a light snow, which covered the rough and uneven snow and ice, which appellant had negligently permitted to accumulate thereon; ''that said roughness, unevenness, and unfit and dangerous condition of said way, where plaintiff and his said co-employes were so directed to roll said wheel, were well known to the defendant,

and defendant well knew that said wheels were liable to become unbalanced and tip over when rolled over a rough surface, but, notwithstanding its said knowledge thereof, the defendant negligently permitted said way so to remain rough, uneven, unsafe, and unfit for use of this plaintiff and his said co-employes in and about the rolling of said wheel, all of which said roughness, unevenness, unsafe, and unfit condition of said way were unknown to this plaintiff and his said co-employes, and of which plaintiff or his said co-employes had no knowledge whatever;'' that appellee, at the direction of appellant and in the performance of his duty, and with his said co-employes, attempted to roll said wheel over and upon said way, and, while using all due care and caution, said wheel came upon said rough and uneven snow and ice, and became immediately unbalanced, without any fault or negligence on the part of appellee or his co-employes so assisting, and by reason thereof fell upon and across the leg and ankle of appellee, seriously and permanently injuring him, etc.

This complaint proceeds upon the theory that appellant was negligent in not furnishing appellee with a safe place in which to work. That an employer must use ordinary care in providing for his employes a safe place in which to work is no longer a question in this State. On the other hand, it is as firmly settled that the employe assumes the risk of all ordinary perils incident to the service in which he is engaged, and is charged with knowledge of such perils as are open and obvious, ''or such as, by the exercise of ordinary diligence, and by giving proper heed to the surroundings, he might have discovered.'' *Hattaway* v. *Atlanta Steel, etc., Co.* (1900), 155 Ind. 507, 518. And see, also, *O'Neal* v. *Chicago, etc., R. Co.* (1892), 132 Ind. 110; *Peirce* v. *Oliver* (1897), 18 Ind. App. 87.

In an action by an employe against his master for damages for injuries received, attributed to the hazards of the place

provided for him in which to work, the complaint
3. must show his want of knowledge or notice of such
defects or unsafety, and a general allegation to this
effect is sufficient, but such allegation may be overcome by
specific statements of fact, "from which it is evident that
the servant must have known of the defects or dangers, or
had the same means or opportunity for such knowledge as
the master had." *Baltimore, etc., R. Co.* v. *Hunsucker*
(1904), 33 Ind. App. 27.    See, also, *Louisville, etc., R. Co.* v.
*Kemper* (1897), 147 Ind. 561, 565, and cases cited; *Corning
Steel Co.* v. *Pohlplatz* (1902), 29 Ind. App. 250.

In *Diamond Block Coal Co.* v. *Cuthbertson* (1906), 166
Ind. 290, it is held that "the law exacts of the servant the
use of his faculties and senses in ascertaining whether
4. danger actually exists, where the same is obvious or
open to view; but, in the absence of apparent or
known defects or perils in the place where he works, he is not
bound to make an inspection thereof, or search therein in
order to discover whether such place is safe or unsafe.    [Cit-
ing authorities.]    Obvious defects or perils, such as are open
to an ordinarily careful observation, are regarded by the law
as perils incident to the service, and latent defects—those not
discoverable by the exercise of reasonable care—are not con-
sidered as risks incident to the employment, and therefore
are never assumed by the servant."

In the case at bar the facts disclosed by the complaint show
that appellee, at the time he was injured, was engaged in
his regular employment, and, nothing to the contrary
5. appearing, we may assume that he had sufficient help
safely to perform the work assigned to him, that he
was an experienced man of mature age, possessed of all his
faculties, and of sufficient understanding to apprehend the
dangers of the service.    *Myers* v. *W. C. DePauw Co.* (1894),
138 Ind. 590.    He must have known the course the wheel
must take to the wrecking room, for it is shown that appel-

lant had provided but one way. If he used his senses he also knew that a portion of this way was uncovered and subject to the elements. He also knew the surroundings and the position of the buildings, the season of the year, and the climatic conditions. He knew that snow was on the ground, that it presented a smooth surface, but knew, from a common knowledge and experience, that it was likely to obscure an uneven surface beneath. He knew the size, material, and probable weight of the wheel, its tendency to tip over when rolled upon an uneven surface, and the probable danger from its toppling over.

It is the law that the servant may rest under the reasonable belief that "the master has discharged his duty under the law, and has exercised reasonable care in furnishing and maintaining a safe working place, and within reasonable limits he may act upon such assumption." *Diamond Block Coal Co.* v. *Cuthbertson, supra.* While appellee disclaims knowledge of the roughness, unevenness, unsafe and unfit condition of said way, yet, in the face of the actual conditions surrounding him immediately before and at the time he was injured, and his opportunity to see and understand the danger that would probably, or might, arise in moving such a large and dangerously heavy wheel, he can hardly be heard to say that he was ignorant of that which the use of his senses, common experience, and judgment would otherwise teach him, or that he did not have the same means and opportunity of knowing the danger incident to the moving of the wheel, because of the alleged defects, as that possessed by the master. *Louisville, etc., R. Co.* v. *Kemper, supra; Ames* v. *Lake Shore, etc., R. Co.* (1893), 135 Ind. 363; *Peerless Stone Co.* v. *Wray* (1896), 143 Ind. 574. The facts presented by the complaint warrant the conclusion that the hazard of the place where appellant was engaged in his work was within the reasonable limits of the apprehension of a person of ordinary experience and understanding. Under this view of the complaint the demurrer should have been sustained.

Judgment reversed, with instructions to sustain the demurrer to the complaint.