DODGE MANUFACTURING COMPANY v. KRONEWITTER.

[No. 8,182. Filed February 20, 1914. Rehearing denied July 3, 1914. Transfer denied November 17, 1914.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Complaint.—General and Specific Allegations.*—A complaint in a servant's action for injuries caused by a pneumatic riveter starting up after the air had been cut off at the valve, alleging that plaintiff was inexperienced, that defendant did not instruct him that after the air had been shut off at the valve it was necessary to exhaust the compressed air remaining in the hose between the valve and the machine, and that after the valve had been shut off the machine was suddenly put in motion, causing plaintiff's injury, and also alleging generally that the negligence charged was the proximate cause of the injury, was not insufficient on demurrer as showing that the negligence charged was not the proximate cause, since the specific charges were not inconsistent with the general allegation that the negligence charged was the proximate cause, even though they showed that the machine was put in motion by an intervening agency, in view of the fact that it did not appear to have been an independent intervening agency, or that it was one which, in the exercise of reasonable foresight and prudence, was not to be expected to intervene. pp. 192, 195, 196.

2. PLEADING.—*General and Special Averments.*—The general averments in a pleading are superseded by the special averments therein in so far as the latter are inconsistent with the former. p. 195.

3. NEGLIGENCE.—*Intervening Agency.—Liability of Original Tortfeasor.*—An independent intervening agency does not break the chain of causation between the negligence charged and the injury claimed to have resulted therefrom, if the intervention of some such agency so as to produce injury ought to have been expected in the light of ordinary experiences, and will not relieve the original wrongdoer from the consequences directly resulting from his original negligence operating in connection with such intervening agency, even though the original negligence could not of itself have caused the injury. p. 195.

4. MASTER AND SERVANT.—*Injuries to Servant.—Proximate Cause. —Verdict.—Answers to Interrogatories.*—Where plaintiff alleged that he was injured by the sudden starting of a pneumatic riveting machine after the compressed air valve had been closed, that the machine was caused to start by reason of the air remaining in the tube between the valve and the machine, and charging that because of his inexperience, and defendant's failure to instruct him, he did not know that it was necessary to exhaust the air

remaining in the tube after the valve was closed, and that the negligence charged was the proximate cause of the injury, answers to interrogatories showing that the machine would not operate unless the lever was moved, that it was moved on the occasion of the injury, but not by defendant, etc., could not overcome the general verdict as showing the chain of causation was broken by an intervening agency which became the sole proximate cause, since the evidence may have disclosed the agency which moved the lever and that it was of such character as not to constitute an independent intervening cause. p. 196.

5. TRIAL.—*Verdict.*—*Answers to Interrogatories.*—Answers to interrogatories will not overthrow the general verdict if reconcilable therewith by any evidence admissible under the issues. p. 197.

6. MASTER AND SERVANT.—*Injuries to Servant.—Verdict.—Answers to Interrogatories.*—In an action for injuries to an employe caused by a pneumatic riveter being started by the unexhausted air remaining in the hose after the valve•had been closed, where a verdict for plaintiff amounted to a finding that plaintiff did not assume the risk incident to the air remaining in the tube, and that the master owed him a duty to warn him of the danger, which it negligently failed to do, the jury's answer to an interrogatory, made under circumstances making it a finding of an ultimate fact and not a conclusion of law, to the effect that if plaintiff had exercised the care for his own safety reasonably to be expected from one of his age and experience, he could have discovered before the injury that the air remaining in the tube when the valve was closed had force enough to injure him, showed that plaintiff assumed the risk and that defendant was not negligent in failing to warn him, and hence was in irreconcilable conflict with the general verdict. pp. 197, 201.

7. MASTER AND SERVANT.—*Assumption of Risk.*—A servant assumes the risk of all dangerous conditions which arise in the course of his employment and of which he has notice, even though such conditions are the result of the master's negligence, and he will be deemed to have constructive notice of all such conditions as are discoverable by him in the exercise of ordinary care. p. 197.

8. MASTER AND SERVANT.—*Injuries to Servant.—Answers to Interrogatories.*—In an action for injuries to a servant by the sudden starting of a pneumatic riveter, due to compressed air remaining in the tube after the valve was closed, the jury's answer to an interrogatory that if plaintiff had exercised the care for his own safety reasonably to be expected from one of his age and experience, he could have discovered before the injury that the air remaining in the tube when the valve was closed had force enough to injure him, accompanied by other answers showing

facts justifying such inference, was the finding of an ultimate fact as distinguished from a conclusion of law. p. 198.

9. TRIAL.—*Answers to Interrogatories.—Inference of Ultimate Facts.*—A jury may find an ultimate fact as the result of an inference from other facts, provided the primary facts are stated in the findings and are such that minds of equal intelligence and fairness might honestly differ as to the inference, and such ultimate fact is one that can be inferred without applying legal principles to the primary facts or measuring them by any legal standard, but if such primary facts are susceptible of but one inference, it is the duty of the court to draw such inference. p. 198.

From Laporte Circuit Court; *Andrew J. Hickey,* Special Judge.

Action by Charles F. Kronewitter against the Dodge Manufacturing Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Frank E. Osborn, W. A. McVey* and *Lee L. Osborn,* for appellant.

*F. J. Lewis Meyer,* for appellee.

LAIRY, C. J.—Appellee was employed by appellant and was engaged in operating a riveting machine in appellant's factory at the time he received the injury for which he sues in this action. The case was tried upon the issues formed by the general denial to the fourth paragraph of amended complaint and the trial resulted in a verdict and judgment for appellee.

A demurrer addressed to the fourth paragraph of complaint was overruled and this ruling is assigned as error and presents the first question for our consideration.

1. This paragraph of complaint discloses that appellee at the time he received his injury was operating a pneumatic riveter the power of which was furnished by compressed air conducted to it through a tube about 100 feet in length and that it was so constructed that the supply of compressed air could be turned on and off by means of a valve located about 100 feet distant from the machine.

When this valve was closed it prevented further air from entering the tube but the compressed air which remained in the tube between the valve and the machine and in the machine itself was sufficient to cause it to move unless it was exhausted by operating the machine, after the valve was closed, which could be done by moving the lever up and down until the pressure was exhausted. It is alleged that the appellant knew, or, by the exercise of ordinary prudence could have known, that the air pressure remaining in the tube and in the machine after the valve was closed was sufficient to move it, that the appellee, on account of his youth and inexperience, did not know this fact, and the appellant negligently failed and neglected to warn appellee against the danger of the machine moving after the air was shut off, but that appellee was informed by appellant that the way to stop the machine and put it out of use was to close such valve and that appellant negligently failed to instruct appellee as to the means of exhausting the air in the tube and machine after the valve was closed. It further appears from the complaint that it was a part of appellee's work under his employment to remove a certain hose from some part of the machine and at the time of his injury he was so engaged. Before attempting to remove this hose he had the valve shut off 100 feet from the machine, and at the time he was engaged in removing the hose the machine was stopped and he believed that he had done all that was necessary to stop such machine and that it could not be put in motion after the compressed air had been shut off at the valve. It is alleged that after the air had been shut off by means of said valve as aforesaid, the machine was suddenly put in motion without notice to the appellee and without his knowledge so that his hand and arm were caught in said machine and crushed and injured. There is also a general allegation in the complaint to the effect that the injuries to appellee were due to the negligence of appellant company as charged in the complaint.

We have not attempted to set out the allegations of the complaint in all their details but have endeavored to make a sufficient statement to show the theory upon which it was drafted and to disclose the objections which are raised against it.

The objection raised against the complaint is that it shows upon its face that the negligence of appellant as charged therein was not the proximate cause of appellee's injuries, but on the contrary that such injuries were caused by the intervention of some active agency which put the machine in motion. The complaint does not allege that the machine started because of any defective condition for which appellant was liable and it is not charged that appellant was responsible for the machine starting otherwise than by its failure to warn appellee of the presence of the compressed air in the tube and in the machine and to instruct him as to the means of exhausting such pressure after the valve was closed. The position of appellant is that the pressure of the air in the tube and in the machine was simply a condition which was harmless unless some agency intervened to make it efficient, that the only negligence charged against appellant related to the existence of this condition and its failure to warn against it, and that the complaint affirmatively shows that the machine was put in motion by some active intervening agency. As a result of this argument it is asserted that the specific allegations of the complaint show that the chain of causation between the negligence charged and the injury was broken by an intervening agency which was the direct responsible cause of the injury. In passing upon the question thus presented we must consider the complaint as a whole. The complaint alleges in general terms that appellee's injuries were due to the negligence of appellant company as herein alleged. This allegation charges with sufficient certainty that the negligence of appellant as charged in the complaint was the proximate cause of appellee's injury and it must stand unless the specific allegations

of the pleading are so inconsistent therewith as to show that the general averment is not true. It is a familiar rule of pleading that the general averments will be overcome and superseded by the facts specially averred in so far as the latter are inconsistent with the former. *Indianapolis Union R. Co.* v. *Waddington* (1907), 169 Ind. 448, 82 N. E. 1030; *Cleveland, etc., R. Co.* v. *Cyr* (1909), 43 Ind. App. 19, 86 N. E. 868. It may be conceded that the facts specifically alleged in the complaint do show that some active agency intervened between the negligent conduct of appellant as charged and the injury, but this is not in itself sufficient to overcome the general allegation to which we have referred. The chain of causation is not broken by every intervening agency. To have this effect the intervention must be by a responsible agent. The specific allegations show that the machine was put in motion, but they do not disclose that it was put in motion by a responsible agent.

It is also well settled that an independent intervening agency does not break the chain of causation where the intervention of some such agency in such a manner as to produce injury ought to have been expected to occur according to ordinary experiences. If the original wrongdoer by reasonable foresight and prudence, should have expected some such agency to intervene and produce injury, he can not escape the consequences which directly result from his original negligence operating in connection with such intervening agency even though the original negligence could not of itself have caused the injury. *Nickey* v. *Steuder* (1905), 164 Ind. 189, 73 N. E. 117; *Chicago, etc., R. Co.* v. *Pritchard* (1907), 168 Ind. 398, 79 N. E. 508, 81 N. E. 78, 9 L. R. A. (N. S.) 857; 1 Shearman & Redfield, Negligence (5th ed.) §34. The relation of intervening agencies to proximate cause and their effect as to breaking the chain of causation, was recently considered by this court. *Cleveland, etc., R. Co.* v. *Clark*

(1912), 51 Ind. App. 392, 97 N. E. 822. A further dis-
cussion on this branch of the law would not be profita-
1. ble. The court is of the opinion that the specific
facts averred do not contradict and overcome the
general averment that the injuries of appellee were due to
the negligence of appellant set out therein. This general
averment is broad enough to admit evidence to prove that
the machine was put in motion by an irresponsible agent, or
through some agency for which appellant was responsible,
or that the agency which was responsible for starting it was
of such a character and the circumstances under which it
intervened were such as not to break the chain of causation.
Such proof would support the general allegation and would
not to any extent contradict the facts specifically averred.
The general averment of the ultimate fact will control unless
it is shown to be untrue by the specific facts averred. *Cleve-
land, etc., R. Co. v. Clark, supra.*

The trial court overruled the motion of appellant for judg-
ment in its favor on the answers of the jury to the interroga-
tories notwithstanding the general verdict and the
4. correctness of this ruling is presented for review.
By the answers to interrogatories the jury finds that
the riveting machine was not defective in any way, that it
would not operate unless the operating lever was moved,
that the lever was not moved by appellee, that there was
no evidence that the lever was caused to move by the ma-
chine swinging so as to bring the lever in contact with a
tank, and that on the occasion of appellee's injury the lever
was moved. The general verdict finds that the negligence
of appellant was the proximate cause of appellee's injury,
and appellant asserts that the facts above set out, as found
by the jury in answers to interrogatories, show conclusively
that, after appellant's negligence had caused the dangerous
condition some unknown agency intervened and lifted the
lever, thus breaking the chain of causation and becoming the
sole proximate cause of the injury. The position of appel-

lant can not be maintained for the reason that the facts specially found do not show as much as is claimed for them. They do not show that the agency which moved the lever was not disclosed by the evidence or that it was unknown to the jury. The evidence may have disclosed the agency which moved the lever and it may have been shown to be of such a character as not to constitute an independent intervening cause. The evidence may have shown it to be an irresponsible agent, or one for which appellant was responsible, or one whose intervention in such a way as to produce injury, ought to have been foreseen by appellant. Such evidence if introduced would sustain the general verdict and would reconcile it with the answers to interrogatories in so far as they bear upon the question of proximate cause.

It is well settled that answers to interrogatories will
5. not overthrow the general verdict, if such answers can be reconciled with the general verdict by any evidence admissible within the issues. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, 78 N. E. 1033, and cases there cited.

By the jury's answer to interrogatory No. 162 it finds that, if appellee had exercised the care for his own safety reasonably to be expected from one of his age and
6. experience placed in the same or similar circumstances, he could have discovered while in appellant's employ before the injury that when the valve in the
7. northwest corner of the room was shut, the air remaining in the pipe had force enough to injure him. The general verdict finds that appellee did not assume the risk of the danger incident to the compressed air remaining in the tube and machine after the valve was closed, and it also finds that the master owed a duty to the appellee to warn him against this danger and that he was negligent in failing to do so. A servant assumes the risk of all dangerous conditions which arise in the course of his employment and of which he has notice even though such dangerous con-

ditions are the result of the master's negligence. *Jenney Electric Mfg. Co.* v. *Flannery* (1913), 53 Ind. App. 397, 98 N. E. 424; *Fort Wayne, etc., Traction Co.* v. *Roudebush* (1909), 173 Ind. 57, 88 N. E. 676, 89 N. E. 369. A servant will be deemed to have constructive notice of all dangerous conditions connected with his employment which he might have discovered by the exercise of reasonable and ordinary care. The servant assumes the risk of a danger of which he has constructive notice. *Hammond* v. *Kingan & Co.* (1913), 53 Ind. App. 252, 101 N. E. 385; *M. Rumely Co.* v. *Myer* (1907), 40 Ind. App. 460, 82 N. E. 97. If a servant knows and appreciates a danger connected with his employment, or if by the exercise of ordinary care under the circumstances he could have known and appreciated the danger, the master is under no duty to warn him as against such danger. *Vigo Cooperage Co.* v. *Kennery* (1908), 42 Ind. App. 433, 85 N. E. 986; *Foster* v. *Bemis Indianapolis Bag Co.* (1904), 163 Ind. 351, 71 N. E. 953; 1 Bailey, Personal Injuries (2d ed.) 681. If the answer to interrogatory No. 162 is a finding of fact such as a jury is authorized to make, it shows that appellee had constructive notice of the danger which resulted in his injury and it also shows that the master owed him no duty to warn him against the danger for the reason that he could have known it himself by the exercise of reasonable care.

It is contended by appellee that the answer to interrogatory No. 162 is a mere conclusion and not the finding of a fact, and that it must be disregarded. The distinction between "ultimate facts" and "mere conclusions" is not always clear. There is some apparent conflict in the cases, but from an examination of the authorities we are led to the conclusion that the jury may in proper cases find ultimate facts as the result of an inference from other facts, provided the primary facts upon which the inference is based are stated in the finding. If from the primary facts so found, only a single inference

can be drawn by any reasonable mind, it is the duty of the court to draw such inference, but if the primary facts are such that minds of equal intelligence and fairness might honestly differ as to the inference, then it is the duty of the jury to draw the inference and thus to determine the ultimate fact. *Zeller, McClellan & Co.* v. *Wright* (1908), 41 Ind. App. 403, 83 N. E. 1030; *Smith* v. *Wabash R. Co.* (1895), 141 Ind. 92, 40 N. E. 270; *Citizens St. R. Co.* v. *Reed* (1898), 151 Ind. 396, 51 N. E. 477.

In this case the jury found by its answers to other interrogatories the primary facts upon which the inference of the ultimate fact is based. Facts were found showing the capacity of appellee in respect to his age, education, intelligence and experience. Facts were found showing the construction of the riveting machine and the manner in which it was operated, and also showing the length of time appellee had worked in appellant's factory and the length of time he had operated this particular machine as well as the facts showing his opportunities for knowing of the dangerous condition which caused his injury. Upon the facts so found we think that intelligent and reasonable minds might honestly differ as to whether appellee could have known of the danger by the exercise of the care reasonable in a person of his age and experience placed in the same or similar circumstances, and that it was therefore proper for the jury to draw the inference and to find the ultimate or inferential fact.

An ultimate fact which can be found by the jury in accordance with the rule above stated must be one which can be rightly and reasonably inferred from the facts found, without applying to them any legal principle or measuring them by any legal standard. If in answering an interrogatory, the jury is required not only to consider the facts, but also is required to apply some legal principle to such facts, or to measure them by some standard fixed by law in order to reach the conclusion required by the answer, then

the answer which results must be a legal conclusion and not an ultimate fact. By its answer to interrogatory No. 162 the jury did not find that appellee might have discovered the dangerous condition by the exercise of "due care", or by the exercise of "ordinary care". If the question had been so framed as to call for such an answer, the resulting answer would be a conclusion of law. The law fixes a standard by which "due care" or "ordinary care" must be measured and determined. The jurors are not presumed to know this standard; and, if they should answer such a question, the court could not know whether they applied the correct legal standard in reaching their conclusion or whether they reached it by applying some standard of their own not in accordance with the standard fixed by law. It is apparent that such an answer involving the consideration and application of a legal standard could not be treated as the finding of an ultimate fact. In answering that appellant could have known of the danger of which he complains by the exercise of the care reasonably to be expected from one of his age and experience placed in the same or similar circumstances, the jury was not required to consider or apply any principle of law to the facts upon which it based its answer, nor was it required to measure his conduct by any standard other than that disclosed in the interrogatory. For the reasons stated the answer to interrogatory No. 162 stated an ultimate fact. The distinction between ultimate facts and conclusions of law which we have endeavored to point out has been frequently recognized and applied by the higher courts of this State. *Board, etc.* v. *Bonebrake* (1896), 146 Ind. 311, 45 N. E. 470; *Toledo, etc., R. Co.* v. *Goddard* (1865), 25 Ind. 185; *Pittsburgh, etc., R. Co.* v. *Spencer* (1884), 98 Ind. 186.

With few exceptions the apparent conflict in the decisions of our higher courts can be reconciled by drawing the line of distinction which we have indicated between ultimate facts and conclusions of law. A few cases can be found in

which the distinction here pointed out has not been observed. *Keller* v. *Gaskell* (1893), 9 Ind. App. 670, 36 N. E. 303; *Cleveland, etc., R. Co.* v. *Hadley* (1894), 12 Ind. App. 516, 40 N. E. 760; *Republic Iron, etc., Co.* v. *Jones* (1904), 32 Ind. App. 189, 69 N. E. 191. These cases, however, are not in line with the great weight of authority. *Avery* v. *Nordyke & Marmon Co.* (1905), 34 Ind. App. 541, 70 N. E. 888; *Chicago, etc., R. Co.* v. *Burger* (1890), 124 Ind. 275, 24 N. E. 981; *Pittsburgh, etc., R. Co.* v. *Adams* (1886), 105 Ind. 151, 5 N. E. 187; *Indianapolis, etc., R. Co.* v. *Bush* (1885), 101 Ind. 582; *Standard Oil Co.* v. *Helmick* (1897), 148 Ind. 457, 47 N. E. 14; *Town of Boswell* v. *Wakley* (1897), 149 Ind. 64, 48 N. E. 637; *Cincinnati, etc., R. Co.* v. *Grames* (1893), 8 Ind. App. 112, 34 N. E. 613, 37 N. E. 421; *City of Bloomington* v. *Rogers* (1893), 9 Ind. App. 230, 36 N. E. 439; *Louisville, etc., R. Co.* v. *Roberts* (1897), 18 Ind. App. 538, 47 N. E. 839; *City of Alexandria* v. *Young* (1898), 20 Ind. App. 672, 51 N. E. 109.

It must be borne in mind that we are discussing facts which may be properly found by a jury in answer to interrogatories. In returning its general verdict, the jury not only finds the facts but applies the law to the facts so found. In such case the law is pronounced by the court in its instructions and it is the duty of the jury to apply it as given. However, where facts are sought by means of answers to interrogatories, the jury is not permitted to bring to its assistance the legal tests announced and the legal principles stated in the general instructions, and apply them in formulating its answers. Under our practice the court is required in passing upon the answers to interrogatories to determine and apply the law to the facts found, and the jury can not invade the province of the court.

The answer to interrogatory No. 162 is in irreconcilable conflict with the general verdict in that it shows that

6. appellee assumed the risk of the danger which caused his injury, and also shows that appellant was not

negligent in failing to warn him of such dangerous condition. The judgment of the trial court is reversed with directions to grant appellant's motion for judgment on the answers to the interrogatories notwithstanding the general verdict.

NOTE.—Reported in 104 N. E. 99. As to the duty of the master to furnish the servant safe means and appliances to work with, see 92 Am. Dec. 213; 21 Am. Rep. 579. See, also, under (1) 26 Cyc. 1386; (2) 31 Cyc. 85; (3) 29 Cyc. 501; (4, 6) 26 Cyc. 1513, 38 Cyc. 1927; (5) 38 Cyc. 1927; (7) 26 Cyc. 1203, 1177; (8) 26 Cyc. 1515, 38 Cyc. 1921; (9) 38 Cyc. 1517.